## JACOBSON v. WICKAM, et al*
### (No. 1306; June 21, 1927; 257 Pac. 7.)

BANKRUPTCY—ACTION BY TRUSTEE—APPEAL AND ERROR—REVIEW-
ABLE QUESTIONS—RIGHT OF APPEAL—ORDER APPOINTING REFEREE
NOT REVIEWABLE—ACCOUNTING—RENTS AND PROFITS.

1.  Bankruptcy trustee's amended petition, not alleging that
    bankrupt's wife was ever in possession of land, conveyed
    to her by bankrupt without consideration, that she re-
    ceived any rents or profits therefrom, or, if so, withheld
    them in fraud of creditors, or that husband or trustee
    ever demanded reconveyance by her before bringing
    action therefor, *held* not to show that she should account
    for value of use of land while in her possession.

2.  Whether judgment, not appealed from, ordering wife to
    reconvey land to husband's trustee in bankruptcy, which
    she did, was final determination of trustee's right to land,
    *held* moot question, not to be decided in trustee's action
    to recover land.

3.  A judgment, which the Supreme Court is authorized to
    review, is "the final determination of the rights of the
    parties in action," which Comp. St. 1920, § 5875, defines
    as a judgment.

4.  Object of Comp. St. 1920, § 5875, limiting right of appeal
    to final judgments or decrees, is to save unnecessary ex-
    pense of repeated appeals in same suit.

5.  Judgment appointing referee to take accounting of rents
    and profits of property in hands of bankrupt's wife and
    report evidence and objections to·court *held* not final de-
    termination of parties' rights respecting accounting.

6.  Appeal from final judgment on accounting opens up whole
    merits of cause involved in or connected with subject-
    matter of judgment.

7.  Absence of evidence, on which judgment requiring wife to
    account for rents and profits of land, ordered reconveyed
    by her to husband's trustee in bankruptcy, was based,
    *held* not to warrant presumption by Supreme Court that
    issue of right to accounting was tried without objection
    and order that wife account authorized by evidence,

where time for, and principles governing, accounting, were not established, nor demand to reconvey shown by anything in pleadings or judgment.

8. Trustee in bankruptcy would be entitled to accounting of rents and profits of land, conveyed by bankrupt to wife without consideration, for time that she was wrongfully in possession; that is, from date of demand for reconveyance to date when she reconveyed it to trustee.

*See Headnotes: (1) 7 CJ p. 265 n. 10. (2) 3 CJ p. 358 n. 84; 4 CJ p. 649 n. 36; p. 1135 n. 28. (3) 3 CJ p. 433 n. 7; p. 441 n. 45. (4) 3 CJ p. 437 n. 11 New. (5) 3 CJ p. 514 n. 29. (6) 4 CJ p. 683 n. 12. (7) 4 CJ p. 734 n. 15; p. 736 n. 35. (8) 7 CJ p. 246 n. 88; p. 278 n. 81 New.

APPEAL from District Court, Platte County; WILLIAM A. RINER, Judge.

Action by Jesse E. Jacobson, as trustee in bankruptcy of the estate of Frank Wickam, against Lorena Wickam and such bankrupt. Judgment for plaintiff, and defendants appeal.

*M. A. Kline,* for appellants.

The court erred in denying motions to require plaintiff to separately state and number his causes of action; 5650 C. S. A trustee in bankruptcy has no better title than the bankrupt; Collier on Bankruptcy, (12th Ed.) Page 1119; Davis v. Compton, 158 Fed. 735; Ry. Co. v. Hurley, 153 Fed. 503; Company v. Hand, 206 U. S. 415. Jacobson, as trustee of Wickam, could not sue Wickam, since that would make the same person plaintiff and defendant; Pearson v. Nesbit, (N. C.) 17 Am. Dec. 569; Byrne v. Byrne, (Cal.) 29 Pac. 1115. Wickam could not sue to vacate his transfer of property to his wife; 30 Cyc. 1298; Kline v. Kline, (Ariz.) 128 Pac. 805; Conway v. Rock, (Ia.) 117 N. W. 273; Keller v. Cox, (Ind.) 118 N. E. 543; Chambers v. Chambers, (Mo.) 127 S. W. 86; Carnegie v. Diven, (Ore.) 49 Pac. 891. The petition is insufficient; McKey v. Smith, (Ill.) 99 N. E. 695; Leavengood v. McGee, (Ore.) 91 Pac. 453; Crary v. Kurtz, (Ia.) 105 N. W. 590;

Mueller v. Bruss, (Wis.) 88 N. W. 229. A complaint for accounting must allege a prior demand for accounting; Bank v. School Dist., (Wash.) 55 Pac. 317; Wetzstein v. Co., (Mont.) 72 Pac. 865. The decree is contrary to law; 1 C. J. 646. The Supreme Court should review the evidence and determine the question independent of the trial court's findings; Bolles v. Co., (N. M.) 167 Pac. 280; Rittmaster v. Brisbane, (Colo.) 35 Pac. 736; Roby v. Roby, (Ida.) 77 Pac. 214; Baker v. Rockabrand, (Ill.) 8 N. E. 456; Gibson v. Hammang, (Neb.) 88 N. W. 500. Cases of this class are exceptions to the general rule that the appellate court will not disturb findings based on evidence; the court below was without jurisdiction to render a decree against Wickam; 1 Collier, (12th Ed.) Page 28. The bankruptcy court had exclusive jurisdiction to determine controversies as between the bankrupt and his trustee.

*Clyde M. Watts, Kinkead, Ellery & Henderson, and J. E. Jacobson,* for respondent.

The decree directing Lorena Wickam to convey to plaintiff, was not appealed from, and appellant cannot now rely on any alleged error in the proceedings upon which that decree is based; Forgay v. Conrad, 12 L. Ed. 404; Marquam v. Ross, (Ore.) 78 Pac. 698; Stahl v. Stahl, (Ill.) 77 N. E. 67; Produce Bank v. Morton, 67 N. Y. 109; Rastetter v. Hoenninger, 142 N. Y. S. 962; Hardesty v. Naharkey, (Okla.) 213 Pac. 89; Arnold v. Sinclair, (Mont.) 29 Pac. 340; Wilson v. Wilson, (Mont.) 210 Pac. 896; Klein v. Ass'n., (Ill.) 83 N. E. 434; Rawley v. Burris, (Tenn.) 47 S. W. 176; Land Co. v. Cook, (Ala.) 27 So. 559; Burgin v. Sugg, (Ala.) 97 So. 216; Wheelwright v. Roman, (Utah.) 165 Pac. 513; Deifenderfer v. State, 13 Wyo. 387; Idem, 14 Wyo. 302; Todd's Executor v. Bank, (Ky.) 190 S. W. 468; Commeaux v. West, (Kan.) 97 Pac. 381. The voluntary performance of a judgment waives an appeal therefrom; Evans v. Noble, (Ia.) 107 N. W.

1105; Chicago Horse Shoe Co., v. Lewis, (Ind.) 59 N. E. 466; Johnson v. Gibson, (Okla.) 220 Pac. 47. The findings and decree on accounting are supported by the evidence; Taylor v. Calvert, 37 N. E. 531; Tricker v. Mfg. & Imp. Co., (Ga.) 52 S. E. 65; Berry v. Evendon, (S. D.) 103 N. W. 743; Bradbury v. Birchmore, 117 Mass. 569; Weltmer v. Thurmond, 17 Wyo. 268. The burden of proof was upon Lorena Wickam; Stockwell v. Stockwell's Estate, (Vt.) 105 A. 30; Marvin v. Brooks, 94 N. Y. 71; Realty Co. v. South, (Ark.) 131 S. W. 340; Mintz v. Brock, (Pa.) 44 A. 417. Plaintiff cannot adopt a different theory from that followed at the trial; 36 C. J. 718; Wallace v. Ins. Co., (Ore.) 225 Pac. 192; Adams v. Co., (Okla.) 225 Pac. 927; Ins. Co. v. Nason, (Calif.) 131 Pac. 755. The trial court decides questions of fact, and the appellate court questions of law; the rule should be preserved; Reay v. Butler, (Calif.) 30 Pac. 208; In re Walden's Estate, (Calif.) 137 Pac. 35; Freeburgs v. Honemann, (Minn.) 147 N. W. 827; State v. Company, (Mo.) 151 S. W. 101; Bell v. Bell, (Ala.) 62 So. 833; Brown v. Lazarus, (Tex.) 25 S. W. 71; Oil Co. v. Sullivan, (Wyo.) 237 Pac. 253. The decree is joint and several as to accounting; 5876 C. S.; Richardson v. Painter, (Kan.) 102 Pac. 1099; 4 C. J. 1184; Lumber Co. v. Sessler, (Tenn.) Ann. Cas. 1915C, 103; State v. Blakemore, (Mo.) 205 S. W. 626; Bank v. Strahan, (Okla.) 158 Pac. 378. The decree may be reversed as to one, and affirmed as to the other; Iron Works Co. v. Haggott, (Colo.) 210 Pac. 696. The bankruptcy court was without jurisdiction, and the case was improperly tried in the state court; U. S. Comp. Statutes 1916, Sec. 9607; Bardes v. Bank, 44 L. Ed. 1175.

*M. A. Kline,* in reply.

Decrees directing accountings are deemed interlocutory; 1 C. J. 647; Pulliam v. Christian, 6 How. 209, 12 L. Ed. 408. An order of reference is not final; McGourkey v. Ry. Co., 146 U. S. 546, 36 L. Ed. 1083; 39 Cyc. 324.

KIMBALL, Justice.

The plaintiff, as trustee in bankruptcy in the matter of Frank M. Wickam, a voluntary bankrupt, brought this action, naming as defendants the bankrupt and his wife, Lorena Wickam. The object of the action was to recover 440 acres of land to which the wife had legal title by deeds from her husband. As we presently shall see, the plaintiff's right to recover the land has been settled, and the questions on this appeal are in regard to a judgment whereby the wife was held accountable to the plaintiff for the reasonable value of the use of the land during the time she had the legal title.

Frank M. Wickam filed his petition in bankruptcy in June, 1922, and thereafter he was adjudged a bankrupt, and the plaintiff appointed trustee.

This action was commenced in October, 1922. After a demurrer to the petition had been sustained, the plaintiff filed an amended petition in which it was alleged that Frank M. Wickam in February, 1916, was the owner of 400 acres of land which he then, without any consideration, conveyed to his wife, for the sole purpose of divesting himself of the legal title in order that he, in filing an application for a homestead under the public land laws, might represent to the United States Land Office that he was not the owner of more than 160 acres of land; that it was intended that the wife should hold the legal title in trust and for the use and benefit of her husband, and, whenever so requested, reconvey to him; that since said conveyance the legal title stood in the name of the wife, but that the equitable title at all times was in the husband who failed and neglected to list it in the schedules to his petition in bankruptcy.

The same allegations were made with reference to 40 acres of land which the husband conveyed to the wife in March, 1921.

The plaintiff did not allege that the conveyances to the wife were made for the purpose of hindering, delaying or

defrauding the husband's creditors.  The amended petition contained no allegations to show that the wife had anything belonging to the husband except the 440 acres of land, and as to this it was merely alleged that she had the legal title which she held for the benefit of her husband.  The only fraud charged was in connection with the intention to make a homestead entry under the public land laws.  It is at least doubtful whether the wife was charged with being a party to that fraud.  However that may be, it was not alleged that the husband ever made the contemplated entry, and we assume that the intention to defraud the government was not carried out.  In the circumstances, that intention, if proved, was important only as bearing upon the plaintiff's claim that the husband and not the wife was in equity the owner of the land in question.

The amended petition itself contains no allegations showing that the wife should account for the value of the use of the land.  It was not alleged that the wife was ever in possession. If she were in possession, there was no allegation to show that she received any rents or profits.  If she did receive rents and profits, there was no allegation to show that they were withheld in fraud of creditors.  So far as appears from the amended petition, the only thing the wife had agreed to do was to reconvey the land to her husband on demand.  There was no allegation of a demand by the husband, and nothing to show a demand by the trustee except the bringing of this action.

The only intimation of a claim for anything more than the husband's interest in the land, was in the prayer of the amended petition, where, after asking a conveyance of the land, it was prayed "that an accounting be had of the livestock and moneys and property obtained through the operation of said real estate since said alleged transfers and that same be ordered turned over to this plaintiff."

The defendants moved for an order requiring the plaintiff to separate and number his causes of action, and on the denial of that motion, demurred.  The demurrer was over-

ruled, and the defendants then filed separate answers, denying that the husband had any interest in the property in question. There were no issues framed by the pleadings as to the right to an accounting for rents and profits.

On January 29, 1924, a judgment was rendered in favor of the plaintiff after a trial before the court. The court found generally for the plaintiff, but some facts were found specially. It was found that the husband, being the owner of the real estate in question, conveyed it to the wife at the times alleged in the petition; that the conveyances were without any consideration, and made with the intent and purpose of having the wife hold the legal title in trust for the husband, and to reconvey to him at any time that he might request her so to do; that the equitable title to said real estate remained in the husband; that upon the appointment and qualification of plaintiff as trustee in bankruptcy, he became entitled to the possession of said land, together with the rents, profits and proceeds thereof. It was ordered and decreed that the wife convey said land to the plaintiff, and further ordered,

"that George Milne, be and he is hereby appointed Referee to take an accounting of the rents and profits of said property, in the hands of said defendant, Lorena Wickam, and report to this court the evidence so taken before him relating to said rents and profits, together with any objections of counsel to any of such evidence so taken before him, and this cause is referred to him for said purpose."

From the judgment of January 29, 1924, no appeal was taken, and we understand that the wife, evidently pursuant to that judgment, conveyed the land in question to the plaintiff by deed dated February 5, 1924. The evidence on which the judgment of January 29, 1924, was based is not included in the record of appeal.

The only evidence before us is that introduced before the referee who was appointed to take an accounting. The referee made no findings and reported no conclusions, but simply transmitted to the court the evidence reduced to

writing. Upon consideration of this evidence, the district court found that the two defendants were jointly and severally indebted to the plaintiff in the sum of $5345.50 "for the rents and profits" of the real estate in question, and gave judgment therefor, with costs, against each of the defendants. It is from this judgment, entered December 6, 1924, that the defendants appeal. Both plaintiff and defendants are represented in this court by counsel who did not appear in the trial court.

The plaintiff contends that the judgment of January 29, 1924, was a final determination, not only of the question of the plaintiff's right to the land as the property of the bankrupt, but also on the question of plaintiff's right to an accounting from the wife for the rents and profits of the land while she held the legal title; that the defendants, in order to challenge the decision of the district court on either of those questions, should have appealed from that judgment; and that, on the appeal from the judgment of December 6, 1924, the defendants cannot rely on any alleged errors in the proceedings on which the judgment of January 29 was based.

Whether or not the judgment of January 29 was a final determination of plaintiff's right to the land, is now a moot question that we do not decide. As said in Conradt v. Lepper, 13 Wyo. 99, 107, 78 Pac. 1, 3 Ann. Cas. 627, a judgment which this court is authorized to review is clearly that judicial act which the statute defines as a judgment, viz: "the final determination of the rights of the parties in action." Sec. 5875, Wyo. C. S. 1920. It is at least doubtful whether the code contemplates more than one judgment in the same action against the same parties. When the right of appeal is limited to final judgments or decrees, it is manifestly the object of the law to save the unnecessary expense of repeated appeals in the same suit, and the practice of entering a final decree for the delivery of property, while issues with respect to an accounting remain unsettled, has been condemned, although appeals

from such decrees have frequently been allowed, usually on the ground that the party who is required to deliver the property might suffer irreparable injury if he be required to await the final decree before appealing. Forgay v. Conrad, 6 How. 201; 12 L. Ed. 404; Maas v. Lonstorf, (C. C. A.) 166 Fed. 41.

We are of opinion that the judgment of January 29 was not a final determination of the rights of the parties on the issues in regard to an accounting. Those issues were not finally determined until the judgment of December 6, from which this appeal was taken. Evans v. Dunn, 26 Oh. St. 439; McKeown v. Officer, 127 N. Y. 687, 28 N. E. 401. The appeal being from the final judgment on the accounting it opens up the whole merits of the cause involved in or connected with the subject matter of the judgment. Teaff v. Hewitt, 1 Oh. St. 511, 59 Am. Dec. 634.

For the purposes of our decision the evidence taken by the referee on the accounting requires no extended discussion. It was sufficient to support the judgment on one theory only, that is, on the theory that the wife was liable to the plaintiff for the reasonable rental value of the land in question for the time she held the legal title thereto.

From what we have said about the pleadings, it is clear, without further discussion, that the petition was utterly insufficient to support a judgment for an accounting. It may be argued, however, that, as the judgment of January 29 required the wife to account, and we do not have before us the evidence on which that judgment was based, we should presume that the issue of the right to an accounting was tried without objection, and that the evidence authorized the order that the wife account. See Grover Irr. Co. v. Lovella Ditch Co., 21 Wyo. 204, 228, 131 Pac. 43, L. R. A. 1916C, 1275, Ann. Cas. 1915D, 1207. This argument would deserve more serious consideration if the judgment of January 29 had been more definite on the matter of the accounting. The general finding for the plaintiff by that judgment may be considered as settling in plaintiff's favor

all the facts necessary to show that he was entitled to the land as property of the husband. Let it be assumed for the purpose of the argument that it settled, also, that plaintiff had some right to an accounting. It did not establish the time for which the wife was to account, nor the principles to govern in taking the accounting. There being no charge of fraud of creditors, nor any allegation that the wife was withholding from the husband's creditors any profits from the land, there would seem no duty on the part of the wife to account except for the time that she had wrongful possession of the land. Her possession, under the facts alleged in the petition, was not wrongful until a demand on her to reconvey. There is nothing in the pleadings, nor in the judgment of January 29, to show a demand, except the commencement of this action. The judgment of January 29 recites that plaintiff was entitled to possession of the land, together with rents and profits, upon his appointment and qualification as trustee, a date that is not shown but which must have been sometime after June, 1922. If it can be assumed that the judgment of January 29 determined the right to an accounting, the earliest date from which the accounting should have run was the date when the plaintiff was entitled to the land, and even if he were entitled to the land on his qualification as trustee, without any demand, the judgment appealed from was excessive.

If the wife had possession of the land after it became her duty to surrender it to the plaintiff, the plaintiff, under proper allegations, would be entitled to an accounting from her for the time that she was wrongfully in possession, that is, from the date of demand to the date when she conveyed to plaintiff. We can find in the record no foundation for a greater claim to rents and profits.

The judgment appealed from will be reversed, and the case remanded for further proceedings consistent with the views stated in this opinion.

*Reversed and Remanded.*

BLUME, C. J., and POTTER, J., concur.