323 P.2d 5

**U. S. MANGANESE CORPORATION, a corporation, Appellant,**

v.

**Elsie SCHUSTER, Appellee.**

No. 6431.

Supreme Court of Arizona.

March 19, 1958.

J. Hubert Smith, Phoenix, for appellant.

Minne & Sorenson, Phoenix, for appellee.

WINDES, Justice.

Elsie Schuster, distributee of the estate of Joseph Schuster, deceased, filed suit against U. S. Manganese Corporation, an Arizona corporation, alleging in substance that during decedent's lifetime defendant issued to him certificate No. 191 for 12,000 shares of stock; that the certificate was not delivered or, if delivered, was lost or mislaid; that demand was made by plaintiff for delivery of the original certificate or a duplicate and defendant has not complied with the demand; that an original or duplicate certificate No. 191 was issued to one Fred A. Schuster who is without authorization to receive the same; that this was an exercise of wrongful dominion over plaintiff's property; and asked for $19,200, the alleged value of the stock. Defendant answered in effect denying that the certificate was issued to decedent and denying plaintiff's demand therefor; alleging the issuance to Fred A. Schuster of certificate No. 191 for 10,000 shares and that he was entitled to receive it; and controverting the value of the stock. Following trial to the court sitting without a jury, judgment was rendered for plaintiff in the sum of $19,-200 and defendant appeals from the judgment and order denying a new trial.

■ Defendant presents two assignments of error, the first to the effect that the court erred in admitting certain evidence favorable to plaintiff and erred in rejecting the clear showing of the evidence which was in defendant's favor. The evidence to which objection is made is not identified in any way, either in the assignment or in argument. This court will not pass upon an assignment claiming improper admission of evidence when the court is not advised as to the evidence to which the assignment is directed. Silva v. De Mund, 81 Ariz. 47, 299 P.2d 638.

■ Although both oral and documentary evidence was submitted to the lower court, only the exhibits are in the record. No reporter's transcript or agreed statement of facts has been filed. It is well settled that whenever the entire evidence upon which the lower court acted is not made a part of the record on appeal, we assume that the evidence is sufficient to sustain the action of the lower court unless the record before us shows facts to exist which could not legally be affected by the absent evidence and which would render the judgment erroneous. Picow v. Bald-

win, 77 Ariz. 395, 272 P.2d 613; Arizona Land & Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251.

The exhibits include the corporation's index ledger of stockholders and transfer record, stock certificate book, and a photostatic copy of certificate No. 191 issued to Fred A. Schuster. Defendant's second assignment of error is to the effect that the court erred in interpreting this "record evidence" to mean other than there could be only one issuance of certificate No. 191 for 10,000 shares. The foregoing exhibits are not without conflict within themselves. The index ledger shows certificate No. 191 issued to decedent as an original issue on December 1, 1951, for 12,000 shares. The stub in the stock certificate book shows it issued to Fred A. Schuster on December 1, 1951, as a transfer from C. D. Brock for 10,000 shares. The certificate itself shows issuance on October 9, 1951.

It is apparent from the record evidence before us there is much explanatory oral evidence necessary if the court is to decide whether the plaintiff is entitled to recover. This being so we must presume the oral evidence justified the judgment.

Affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.