Robert Andrew ROSICS,
Appellant (Plaintiff),

v.

Ramona Kay HEATH, formerly known as Ramona Kay Rosics, Appellee (Defendant).

No. 87-163.

Supreme Court of Wyoming.

Dec. 18, 1987.

Phillip T. Willoughby, Casper, for appellant.

Leonard E. Lang, Casper, for appellee.

Before BROWN, C.J., and THOMAS, URBIGKIT and MACY, JJ., and RAPER, J., Retired.

BROWN, Chief Justice.

This is an appeal and petition for writ of habeas corpus challenging a district court order that modified a Texas child custody order. The order changed physical custody of the parties' two children from appellant, Robert Andrew Rosics to appellee, Ramona Kay Heath, and required appellant to pay child support and certain future medical bills to be incurred by appellee and the children. The two issues on appeal essentially agreed to by the parties are:

1. Did the Wyoming District Court correctly assume jurisdiction over the parties and their children under the Uniform Child Custody Jurisdiction Act, and especially W.S.Sec. 20-5-104(a)(iii) of said Act?

2. Did said Court, assuming said jurisdiction to have been correctly invoked, have authority to modify the Order Modifying Prior Order of the Texas Court as to child support and visitation, as well as custody?

We will affirm.

This case concerns custody of Jennifer Lynn Rosics, age 7, and Robert Adam Rosics, age 4. The original custody order in this case was the result of the parties' February 14, 1984, Texas divorce. That custody order granted physical custody to appellee and ordered appellant to pay child support.

After the divorce appellee lived with the children in Texas until January 5, 1986, when she moved briefly to Hawthorne, Nevada. She then moved with the children to Casper, Wyoming.

When appellee and the children had been absent from Texas for three months appellant filed a petition in Texas district court to modify the original Texas custody order. Appellee was served and retained San Antonio counsel. Appellee's counsel failed to timely respond to appellant's petition, and on June 2, 1986, the Texas court modified the original custody order on a default basis. The modified order changed physical custody from appellee to appellant and ordered appellee to pay child support.

Appellant filed a copy of the modified Texas custody order and a Motion for Physical Custody Order in the Natrona County District Court on July 1, 1986. Appellee was given notice of these activities by mail on July 7, 1986. On July 14, 1986, she moved the Wyoming court to stay any action on the modified Texas order and appellant's motion until the merits of the dispute could be decided.

On July 28, 1986, appellant and his parents went to Casper to the trailer court where appellee lived with the two children. After seeing his ex-wife and the children in

an adjacent vacant lot, appellant ran toward them and sprayed appellee and Jennifer Rosics with mace, while attempting to take both children with him. Appellant succeeded in taking his son, Robert, from appellee and fled. Appellant and Robert were later apprehended by the police and the boy was returned to appellee's custody. Appellant pled guilty to and was convicted of three counts of assault. On July 31, 1986, appellee moved the district court to assume jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA).[1]

Hearing on these matters took place on September 4, 1986. On September 11, 1986, the court issued an order assuming jurisdiction under the UCCJA and requested home reports from the Wyoming Department of Public Assistance and Social Services and its Texas counterpart. Appellant then unsuccessfully moved the court to relinquish jurisdiction and award custody to him pursuant to the Texas decree.

After a second hearing on April 9, 1987, the court issued a decision letter and entered an order modifying the June 2, 1986, Texas custody order. The Wyoming modification granted custody of the children to appellee and ordered appellant to pay child support and future medical expenses arising out of the July 28, 1986 assaults.

Appellant challenges this order on appeal and has filed a petition for writ of habeas corpus seeking return of the children based on the Texas order.

## I

We first hold that the Wyoming district court properly assumed jurisdiction under the UCCJA to modify the Texas custody order.

For a Wyoming district court to modify a final custody order from another state it must first meet the requirements set out in § 20-5-115(a), W.S.1977,[2] which provides:

"(a) If a court of another state has made a custody decree a court of this state shall not modify that decree unless it appears that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction."

*Quenzer v. Quenzer*, Wyo., 653 P.2d 295, 303-304 (1982) cert. denied 460 U.S. 1041, 103 S.Ct. 1436, 75 L.Ed.2d 794 (1983).

■ Under this provision before a Wyoming district court can modify a foreign child custody order it must make two determinations. First, it must determine that the state which rendered the custody order sought to be modified either declined jurisdiction, *or* lacked jurisdiction *on the date of the initial Wyoming custody modification hearing. Quenzer v. Quenzer*, supra, at 303. Whether or not the other state had jurisdiction at that time is based on the UCCJA jurisdictional prerequisites set out in the other state's statutory equivalent of § 20-5-104(a)(iv), W.S.1977,[3] which provides:

"(a) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree if:

(i) This state is the home state of the child at the time of commencement of the proceeding, or was the child's home state within six (6) months before commencement of the proceeding and the child is absent from the state because of his removal or retention by a person claiming his custody, or for other reasons, and a parent or person acting as parent continues to live in this state;

(ii) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his par-

---

1. The UCCJA is codified in Wyoming as §§ 20-5-101 through 20-5-125, W.S.1977, (June 1987 Replacement). It is codified in Texas as §§ 11.-51 through 11.75 Tex.Fam. Code Ann. (Vernon 1986). For purposes of this opinion, Wyoming statute numbers will be used.

2. The identical language is now codified under the same section in the June 1987 Replacement.

3. See supra note 2.

ents, or the child and at least one (1) contestant, have a significant connection with the state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships;

(iii) The child is physically present in this state and has been abandoned or if it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(iv) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs [subdivisions] (i), (ii) or (iii) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction."

See also *Quenzer v. Quenzer,* supra, at 303–304. If the other state has not declined custody jurisdiction, but the Wyoming court can determine that the other state lacked jurisdiction under § 20–5–104(a)(i)–(iv), it can then move on to the second determination. The second determination involves the Wyoming court applying § 20–5–104(a)(i)-(iv), to itself to determine its own subject matter jurisdiction to modify the foreign custody order.

■ In this case the Wyoming district court found that as of the September 4, 1986, hearing date it could assume jurisdiction over this custody matter. There is no evidence in the record that the Texas court ever declined jurisdiction; consequently, it is implicit in the Wyoming court's findings that the Texas court did not have jurisdiction. The circumstances on September 4, 1986, buttress this conclusion. There was no Texas jurisdiction under § 20–5–104(a)(i), because appellee and the children had been out of Texas since January 5, 1986. Texas jurisdiction was not available under § 20–5–104(a)(ii), based on the best interests of the children or a significant association of the children with

Texas. Section 20–4–104(a)(iii), did not confer jurisdiction because the children were not physically present in Texas and no emergency situation favoring Texas custody was present. As we will discuss below, § 20–5–104(a)(iv) did not permit Texas jurisdiction because on September 4, the Wyoming court could, and in fact did, invoke emergency jurisdiction under § 20–5–104(a)(iii) based on appellant's assaults on appellee and the children on July 28, 1986.

The Wyoming court's assumption of jurisdiction taken together with these circumstances indicates that the first determination required under § 20–5–115(a) was met. Appellant has never challenged this aspect of the Wyoming court's findings, and therefore, we deem it conclusive. *Minnehoma Financial Co. v. Pauli,* Wyo., 565 P.2d 835, 839 (1977); 5 Am.Jur.2d Appeal and Error § 635, p. 91 (1962 and Supp. 1986).

The Wyoming district court also properly met the second determination by properly concluding it had emergency custody jurisdiction. See *Quenzer v. Quenzer,* supra, at 304.

■ The court heard unchallenged evidence that the children were currently present in Wyoming and that appellant assaulted appellee and the children on July 28, 1986. This circumstance clearly created an emergency situation sufficient to confer jurisdiction necessary to protect the children from their father under § 20–5–104(a)(iii). That jurisdiction, once properly assumed, was not lost when the district court held its hearings and issued its decision letter and order on April 24 and May 14, 1987, respectively.

■ We will briefly address appellant's contention that he was not subject to personal jurisdiction in Wyoming. Appellant, acting of his own volition, requested affirmative relief from the district court in the form of a Motion for Physical Custody Order. In doing so, he subjected himself to Wyoming jurisdiction. Appellant's initial pleadings did not challenge the jurisdiction of the Wyoming district court; consequent-

ly, he did not appear specially in this case. Id. In personam jurisdiction over appellant in Wyoming was present.

## II

With the jurisdictional issues resolved we next hold that the Wyoming district court properly modified the Texas custody order.

A Wyoming court with jurisdiction can modify the final custody order of another state when it finds sufficient evidence of a substantial change in circumstances have taken place since the entry of a previous order. *Quenzer v. Quenzer,* supra, at 306; and § 20–2–113, W.S.1977.[4] Once this determination is made, custody should be modified in the best interests of the children. Id.

In this case the district court issued a decision letter containing specific findings of fact that a substantial change of circumstances had taken place based on appellant's assaults on appellee and the children. Sufficient evidence also existed to order appellant to pay child support and future medical expenses related to the July, 1986 assault. Appellant testified at the April 9, 1986, hearing that he had a steady monthly income. The modification was proper.

The district court's order modifying the June 2, 1986, Texas custody order is affirmed. The petition for writ of habeas corpus is denied.

THOMAS, Justice, specially concurring.

I am in accord with the disposition of this case as accomplished by the majority opinion. Given the chronology of events in the District Court of the Seventh Judicial District of the State of Wyoming in and for Natrona County, I am satisfied that court also had jurisdiction pursuant to § 20–5–104(a)(i) and (ii), W.S.1977. The mother brought the children to Casper, Wyoming on January 24, 1986, and they had been residing there for six months prior to the filing of the Motion for Court to Assume Jurisdiction Under Uniform Child Custody Jurisdiction Act on July 31, 1986. The proceeding to determine child custody was not initiated until that pleading was filed, even though the mother previously had sought protective relief from the enforcement of the Texas modification decree. By that time, Wyoming had become the "home state" of the children pursuant to the definition set forth in § 20–5–103(a)(v), W.S.1977 (June 1987 Replacement), and jurisdiction could be found pursuant to § 20–5–104(a)(i). Furthermore, it seems to me that all of the conditions set forth in § 20–5–104(a)(ii) are satisfied by the record.

4. Now codified as amended in the June 1987 Replacement.