In the Matter of the Arbitration of Claims for Damages from the WYOMING GAME AND FISH COMMISSION (Two Cases).

WYOMING GAME AND FISH COMMISSION, Appellant (Respondent),

v.

Bonnie SMITH, Wayne Graves, and Kenneth N. Graves, Appellees (Claimants).

Bonnie SMITH, Wayne Graves, and Kenneth N. Graves, Appellants (Claimants),

v.

WYOMING GAME AND FISH COMMISSION, Appellee (Respondent).

Nos. 88-148, 88-149.

Supreme Court of Wyoming.

May 17, 1989.

Joseph B. Meyer, Atty. Gen. and Robert A. Nicholas, Asst. Atty. Gen., for Wyoming Game and Fish Com'n.

Margo Harlan Sabec and Thomas Reese of Brown & Drew, Casper, for Bonnie Smith, Wayne Graves and Kenneth N. Graves.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and BROWN, Ret. J.

BROWN, Justice, Retired.

Appellant Wyoming Game and Fish Commission (Commission) appeals from an order of the district court denying its motion to vacate an award of an arbitration board on claims for damages by appellees-claimants, Bonnie Smith, Wayne Graves and Kenneth N. Graves, for domestic sheep killed by mountain lions. The Commission contends that the award should be overturned because: (1) the arbitrator appointed by the Claimants was biased toward the Claimants; and (2) the arbitration board exceeded its lawful powers in granting an award that exceeded the lawful limits for damages to domestic sheep from mountain lions. The Claimants challenge the Commission's cause for the appeal and argue that no bias on the part of the arbitrator existed or was proven, and in any event, that any challenge as to his serving on the board was waived both expressly and impliedly. Further, the Claimants argue that the arbitration board did not exceed its lawful powers in granting the damages award.

We affirm the district court's denial of the Commission's motion to vacate the award.

In January 1987, the Claimants each submitted claims with the Wyoming Game and Fish Department (Department) pursuant to W.S. 23-1-901(a) for damages caused by mountain lions killing their sheep.[1] The Department refused to pay the claims as stated and offered instead partial payments for each of the damage claims. The Claimants requested review of the Department's decision before the Commission pursuant to W.S. 23-1-901(c). On April 27, 1987, the Commission offered to pay the Claimants more than the Department had originally offered, but a sum still substantially below the amounts claimed.

In July 1987, the Claimants requested arbitration of their claims pursuant to W.S. 23-1-901(d).[2] An arbitration board was appointed pursuant to W.S. 23-1-901(d). The Claimants appointed Barnett Brock, the Commission appointed Blair Klein, and Brock and Klein appointed Emerson Scott as board chairman. An evidentiary hearing was held on November 4-5, 1987. No record was made of the hearing; neither the parties nor the arbitration board had

1. W.S. 23-1-901(a) reads:
   Any landowner, lessee or agent whose property is being damaged by any of the big or trophy game animals or game birds of this state shall, not later than fifteen (15) days after the damage is discovered by the owner of the property or the representative of the owner, report the damage to the nearest game warden, damage control warden, supervisor or commission member.

2. W.S. 23-1-901(d) reads in pertinent part:
   Within ninety (90) days after receiving notice of the decision of the commission, the claim-

ant may in writing to the department call for arbitration. Within fifteen (15) days after the department receives the call for arbitration, the claimant and the department shall each appoint a disinterested arbitrator who is an elector residing in the county where the damage occurred and notify each other of the appointment. Within twenty (20) days after their appointment, the two (2) arbitrators shall appoint a third arbitrator possessing the same qualifications.

arranged to have a stenographer present. The parties, however, agreed to proceed with the hearing without a record being made.

On November 13, 1987, the arbitration board issued a two-to-one decision in favor of the Claimants, requiring the Department to pay the full amount of the claims. Those finding in favor of the Claimants were arbitrators Brock and Scott. The Commission filed a Motion to Reconsider on November 30, 1987, which was denied by the arbitration board on December 8, 1987.

The Commission then filed a Motion to vacate the Award of the Arbitration Board in the District Court of the Fourth Judicial District on December 21, 1987. In its motion, the Commission contended that: (1) there was evident partiality on the part of arbitrator Brock that prejudiced the rights of the Commission, W.S. 1–36–114(a)(ii) [3]; (2) the board exceeded its power by awarding amounts in excess of the lawfully permitted amount, W.S. 1–36–114(a)(iii); and (3) the board, over the objection of the Commission, improperly ruled that no record would be made of the hearing, which substantially prejudiced the rights of the Commission to bring its appeal. W.S. 1–36–114(a)(iv). On the same date, the Commission also filed a Motion for Extension of Time to Prepare a Written Record. The district court granted this second motion. However, the Commission never prepared a record of the hearing.

The Claimants filed a Motion to Dismiss on January 5, 1988, which was denied after a hearing on February 2, 1988. In its denial, the district court stated:

That this Court has appellate jurisdiction over this matter, and that in its appellate review the Court will review and consider only that record developed by the arbitration board.

The court further ordered:

C. The parties may file affidavits of the arbitrators concerning Appellant–State's allegation that the arbitration board refused to allow Appellant–State to have a record made of testimony at the hearing on November 4–5, 1987. * * *

D. The parties may submit offers of proof concerning witness testimony at the arbitration board hearing which will not become part of the record for judicial review * * *.

Each of the arbitrators filed affidavits on March 2, 1988, stating that the arbitration board had not denied either party the right to have a transcript made of the hearing, and confirming that both parties had agreed to proceed without a record being made. Further, the district court granted the Commission permission to depose arbitrator Brock as to his bias or partiality. Despite the district court's interdiction as to additional offers of proof concerning witness testimony, in its brief to the district court, the Commission included the affidavits of several individuals that were not part of the record on appeal and referred to them repeatedly throughout its argument before that court and in its brief on appeal to this court.

After a hearing on April 7, 1988, the district court upheld the decision of the arbitration board and denied the Commission's motion to vacate the award by order dated April 19, 1988. The order stated:

1. That Appellant–State failed to prove that there was evident partiality by an arbitrator which prejudiced the rights of Appellant–State.

2. That Appellant–State failed to prove that the arbitrators exceeded their powers by awarding the amount of damages awarded.

3. We are not convinced that the Commission has standing to challenge arbitrator Brock under W.S. 1–36–114(a)(ii). Under this statute, the court shall vacate an award where "[t]here was evident partiality by an arbitrator appointed as a neutral." Mr. Brock was not appointed as a neutral but rather was the designee of the Claimants. Perhaps the Commission's complaint was intended to be under W.S. 23–1–901(d) which requires that the arbitrators appointed by the parties shall be disinterested. The matter of standing suggested here was not briefed nor argued by the parties; therefore, we will not address it.

3. That Appellant–State failed to prove that the Arbitration Board ruled, against the wishes and over the objection of Appellant–State, that no record would be made of the arbitration hearing; and that Appellant–State failed to prove that the Arbitration Board made a ruling or otherwise conducted the hearing as to prejudice substantially the rights of Appellant–State.

The Commission appealed to this court on May 4, 1988. The Claimants cross-appealed on May 16, 1988.[4]

■ It is an appellant's responsibility to present a complete record on which to base a decision. *Feaster v. Feaster*, 721 P.2d 1095, 1096 (Wyo.1986). "[I]f the appellant makes no attempt to have the record settled, appeals based upon issues which would have been revealed by that record will not be considered." *Sharp v. Sharp*, 671 P.2d 317, 318 (Wyo.1983).

The hearing before the arbitration board was held November 4–5, 1987. Neither the parties nor the board had arranged for a court reporter to be present; consequently, there is no transcript of the testimony. The Commission initially indicated an attempt to correct this deficiency by requesting additional time in which to prepare and submit a written statement of the proceedings, as permitted by W.R.A.P. 4.03. However, after being granted such time, the Commission failed to prepare and file the statement. Instead, at the end of the time granted, the Commission submitted affidavits of various parties on the issue of bias by arbitrator Brock. The district court ruled that these affidavits could not be considered part of the record on appeal absent a settled record.

■ Without a transcript or a statement settling the record as to the hearing, we have nothing upon which to base a conclusion either that the arbitration board exceeded its powers or that Brock was an interested or biased arbitrator. This court cannot consider any matter upon which the record is silent. *Mountain Fuel Supply Co. v. Emerson*, 578 P.2d 1351, 1354 (Wyo. 1987). The only evidence we have before us as to interest or bias are the affidavits of the other arbitrators indicating that arbitrator Brock did not act with evident partiality, and a letter from the Commission to the Claimants in response to their objection to the Commission's selection of arbitrator Klein. That letter states in pertinent part:

We have made no complaint about petitioner's selection of Mr. Brock as their representative. * * *

* * * * * *

The Department does not challenge Mr. Brock's sincerity to perform a fair job.

Rather than constitute conclusive evidence of arbitrator Brock's bias or partiality toward the Claimants, this letter indicates the Commission's acceptance of arbitrator Brock as a fair and impartial arbiter. This evidence is hardly sufficient to prove bias or interest on the part of arbitrator Brock or that such bias prejudiced the Commission.

In the absence of a record, this court indulges the presumption that the evidence presented at the hearing supported the judgment of the hearing body and warrants its affirmance. See *Feaster*, 721 P.2d at 1101. Without a record we can only presume that arbitrator Brock was fair and impartial in his actions on the board and that the board acted within its

4. The Claimants filed notice of appeal but apparently abandoned it. The Claimants' brief said nothing about this appeal nor was anything said at oral argument.

legal authority in granting an award of damages to the Claimants.

The Claimants request that we find that there was no reasonable cause for appeal and assess additional costs according to W.R.A.P. 10.05.[5] We decline to assess these additional costs.

Affirmed.

5. W.R.A.P. 10.05 reads:

When, in a civil case, the judgment or final order is affirmed, appellee shall recover the cost for typewriting and reproducing his brief, such cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies that there was no reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00), to the counsel of the appellee, and to the appellee damages in such sum as may be reasonable, not exceeding two thousand dollars ($2,000.00), unless the judgment, or final order directs the payment of money, and execution thereof was stayed, when in lieu of such penalty, it shall bear additional interest at a rate not exceeding five percent (5%) per annum, for the time for which it was stayed, to be ascertained and awarded by the court.