Paul W. WELLER, III, Appellant
(Defendant),

v.

Kimberly N. WELLER, Appellee
(Plaintiff).

No. 97–210.

Supreme Court of Wyoming.

June 9, 1998.

Curtis B. Buchhammer and Turner A. Rouse of Orr, Buchhammer & Kehl, P.C., Cheyenne, Wyoming, for Appellant(Defendant).

Greg Knudsen of Knudsen Law Offices, Torrington, Wyoming; and Melissa M. Swearingen, Student Intern, for Appellee(Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN & LEHMAN, JJ.

MACY, Justice.

Appellant Paul Weller III (the father) appeals from the order which denied his motion to set aside and vacate the portions of the divorce decree which related to child custody and support for lack of subject matter jurisdiction.

We reverse.

## ISSUES

The father requests our review of three issues:

I. Did the district court have subject matter jurisdiction to determine child custody and support issues in the divorce decree of December 28, 1994?

II. In the absence of subject matter jurisdiction, of what effect was the determination of child custody and support issues by the district court?

III. At the time that the divorce decree was entered on December 28, 1994, did the district court have personal jurisdiction over the appellant?

## FACTS

The father married Appellee Kimberly Weller (the mother) on December 15, 1981. The couple had two children. The family lived in Pennsylvania for several years, but on August 11, 1994, the mother and the children moved to Wyoming. The mother filed a divorce complaint in Wyoming approximately two and one-half months later, placing the children's custody and support at issue.

The summons and complaint were served on the father at his home in Pennsylvania on November 5, 1994. The father did not respond, and a default was entered against him for failing to plead or otherwise defend the action. A hearing date was set for the divorce action, and a notice of the hearing was mailed to the father on December 13, 1994. An unrecorded hearing was conducted, and the district court entered the divorce decree on December 28, 1994. The decree awarded custody of the children to the mother and ordered the father to pay support in the amount of $738.30 per month.

In January of 1995, the father filed a complaint for custody in Pennsylvania, asserting that it was Pennsylvania and not Wyoming which had subject matter jurisdiction over the child custody issue. This action provoked correspondence between the Wyoming court and the Pennsylvania court. Both courts agreed that the Uniform Child Custody Jurisdiction Act (the UCCJA) was controlling. Although the Pennsylvania court

believed that, when the action was filed, it had subject matter jurisdiction under the home state rule, it agreed that the Wyoming court should conduct a hearing to determine whether Wyoming had jurisdiction.

On May 14, 1997, the father filed a motion in the Wyoming court to set aside the child custody and support portions of the divorce decree. A hearing was held on the motion. At the conclusion of the hearing, the district court determined that it had subject matter jurisdiction, and it affirmed its December 28, 1994, divorce decree with regard to the custody and support issues. The father appeals from this decision.

## STANDARD OF REVIEW

The dispositive question for our review is whether the district court possessed subject matter jurisdiction over the child custody and support issues.

> We conduct a *de novo* review of jurisdictional questions pursuant to "the inherent power, and the duty, to address jurisdictional defects on appeal. . . ." *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992). If a lower court acts without jurisdiction, "this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit." *Gookin*, at 232.

*Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo.1996) (citation omitted).

## DISCUSSION

The father contends that the district court did not have subject matter jurisdiction over the issues of child custody and support when the divorce action was commenced or when the decree was entered and that, therefore, the district court did not have authority to determine those issues. The mother counters that the district court did have subject matter jurisdiction under WYO. STAT. § 20–5–104(a)(ii) (1997).

WYO. STAT. § 20–5–104(a) (1997) of the UCCJA addresses when a Wyoming court may

exercise subject matter jurisdiction over child custody issues:

(a) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree if:

(i) This state is the home state of the child at the time of commencement of the proceeding, or was the child's home state within six (6) months before commencement of the proceeding and the child is absent from the state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

(ii) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships;

(iii) The child is physically present in this state and has been abandoned or if it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(iv) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (i), (ii) or (iii) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction.

The term "home state" is defined as follows:

(v) "Home state" means the state in which the child immediately preceding the time involved has lived with his parents, a parent or a person acting as parent, for at least six (6) consecutive months.... Periods of temporary absence of any of the named persons are counted as part of the six (6) month or other period[.]

WYO. STAT. § 20–5–103(a)(v) (1997).

Subject matter jurisdiction is not a subject of judicial discretion. *WR v. Lee (In re DG)*, 825 P.2d 369, 376 (Wyo.1992). "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Lacey v. Lacey*, 925 P.2d 237, 238 (Wyo.1996) (quoting *Fuller v. State*, 568 P.2d 900, 903 (Wyo.1977)). It either exists or it does not, and a court should be satisfied that it possesses subject matter jurisdiction before it makes a decision in a case. *In re Contempt Order Issued Against Anderson*, 765 P.2d 933, 936 (Wyo.1988).

The mother and the children came to Wyoming on August 11, 1994. The mother filed the divorce complaint seventy-six days after she entered the state, and the district court entered the divorce decree 139 days after the mother arrived in Wyoming. The children had not lived in this state for a six-month period before the action was commenced as is required by § 20–5–104(a)(i). The only tool which is available to us in analyzing whether the district court possessed subject matter jurisdiction under § 20–5–104(a)(ii), as the mother asserts, is the record. The record does not contain sufficient facts to establish that, when the divorce action was filed, at least one contestant had a significant connection with Wyoming or that substantial evidence was available in this state with regard to the children's present or future care, protection, training, and personal relationships. The mother did not provide the jurisdictional information required by WYO. STAT. § 20–5–110 (1997) when she filed her complaint, and, because the hearing was not reported, we cannot rely on any jurisdictional determination which was made at that proceeding. When the divorce action was commenced, the children's home state was Pennsylvania. In the absence of evidence to show that this case fell within one of the other provisions of § 20–5–104(a), we hold that the district court did not possess sub-

ject matter jurisdiction over the child custody and support issues.[1]

The law is well established that, when a court lacks subject matter jurisdiction, action taken by that court, other than dismissing the case, is considered to be null and void.

It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be.

*In re Contempt Order Issued Against Anderson*, 765 P.2d at 936 (citations omitted). A lack of subject matter jurisdiction constitutes a fundamental defect in a proceeding which cannot be cured by waiver or consent by the parties. *Pawlowski*, 925 P.2d at 243. Nor may it be cured by the passage of time. *J.P. v. Carter*, 24 Va.App. 707, 485 S.E.2d 162, 171 (1997); *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753, 755 (1990). Furthermore, a subsequent proceeding on the basis of the defective judgment is void. *Morrison*, 387 S.E.2d at 756. The term "void" means "nugatory and ineffectual so that nothing can cure it." BLACK'S LAW DICTIONARY 1573 (6th ed.1990). The term is properly used only when the action it describes is "of no effect whatsoever, ... a mere nullity, and incapable of confirmation or ratification." *Id.*

Although it would be judicially efficient to approve the district court's actions and orders because, at this point, the children have been in Wyoming for longer than six months, such an act would undermine the

legislative function, the purposes behind the UCCJA jurisdictional requirements, and the basic doctrine of subject matter jurisdiction. WYO. STAT. § 20–5–102 (1997). Because the subject matter jurisdiction may be challenged at any time, an action which has been taken by a court that lacks subject matter jurisdiction may also be challenged at any time, and the fact that the Wyoming court would have jurisdiction over these issues if the action were commenced today is of no avail. *Cotton v. Brow*, 903 P.2d 530, 531 (Wyo.1995).

Because the children were not present in this state for six months before the divorce proceeding was commenced and because we are not able to determine whether subject matter jurisdiction existed under one of the other jurisdictional options, we hold that the district court lacked subject matter jurisdiction over the child custody and support issues. The child custody and support portions of the divorce decree, along with the denial of the father's motion to set aside and vacate those portions, are, therefore, void and unenforceable. Our decision on this issue is dispositive, and we, consequently, will not discuss the remaining issues. *See State ex rel. Peterson v. District Court of Ninth Judicial District*, 617 P.2d 1056, 1060 (Wyo. 1980).

Reversed.

THOMAS, Justice, dissenting.

I do not agree with the result reached in the majority opinion, and, consequently, I must dissent. The majority opinion rejects the application of the provision for jurisdiction found in WYO. STAT. § 20–5–104(a)(ii) (1997) because:

The record does not contain sufficient facts to establish that, when the divorce action was filed, at least one contestant had a significant connection with Wyoming or that substantial evidence was available in this state with regard to the children's present or future care, protection, training, and personal relationships.

Because the district court lacked subject matter jurisdiction over the child custody issue, it also lacked the authority to rule on the child support issue.

---

1. Although the UCCJA does not discuss child support issues, this Court has held that "custody and provision for support are inseparable." *Rose v. Rose*, 576 P.2d 458, 460 (Wyo.1978).

*Maj.* at 495. This paraphrase is not precisely in the language of the statute, which provides:

(ii) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships;

WYO. STAT. § 20-5-104(a)(ii) (1977). The rationale of the majority opinion is contrary to well established principles of appellate jurisprudence in Wyoming.

We have said:

In order to consider the father's abuse of discretion issues, we must have a transcript of the evidence presented to the court relating to the custody and support of Robert. *Feaster v. Feaster*, Wyo., 721 P.2d 1095 (1986). The responsibility for presenting a sufficient record lies with the appellant. *Nicholls v. Nicholls*, Wyo., 721 P.2d 1103 (1986); *State v. Dieringer*, Wyo., 708 P.2d 1 (1985). In the absence of such a record, we have to assume that the court heard evidence from which it could find that the mother was a fit and proper person to have custody of Robert and that the father was physically able to provide child support for him. *Id.* at 12; *Sharp v. Sharp*, Wyo., 671 P.2d 317 (1983).

*Edwards v. Edwards*, 732 P.2d 1068, 1070 (Wyo.1987).

In the absence of a record, this court indulges the presumption that the evidence presented at the hearing supported the judgment of the hearing body and warrants its affirmance. See *Feaster*, 721 P.2d at 1101. Without a record we can only presume that arbitrator Brock was fair and impartial in his actions on the board and that the board acted within its legal authority in granting an award of damages to the Claimants.

*Matter of Wyoming Game and Fish Com'n*, 773 P.2d 941, 944-45 (Wyo.1989). In *Feaster v. Feaster*, 721 P.2d 1095, 1097 (Wyo.1986), alluded to in *Matter of Wyoming Game and Fish Com'n*, we said:

Mr. Feaster's attempt to settle the record was unsuccessful, and we have no way of knowing what evidence was actually presented to the district court at the July 3 hearing. Without either a transcript or an approved statement of the hearing we cannot assume that the court's findings were unsupported. We cannot find an abuse of discretion.

In other cases, we have articulated the same concept:

This jurisdiction has, of course, consistently held that where evidence is not properly brought into the record the court on appeal will presume the evidence sustained the judgment. *Robinson v. Gallagher Transfer & Storage Co.*, 58 Wyo. 69, 125 P.2d 157, 164; *Lakeview Canal Co. v. R. Hardesty Mfg. Co.*, 31 Wyo. 182, 224 P. 853, 854; *Royal Ins. Co. v. O.L. Walker Lumber Co.*, 23 Wyo. 264, 148 P. 340, 342, 24 Wyo. 59, 155 P. 1101, Ann.Cas.1917E, 1174. A corollary rule is that on a partial or incomplete record, an appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the judgment of the trial court. *Ruby v. Wellington*, 162 Cal.App.2d 132, 327 P.2d 586, 588; *United States Manganese Corporation v. Schuster*, 84 Ariz. 31, 323 P.2d 5, 6; *Walling v. Kimball*, 17 Cal.2d 364, 110 P.2d 58, 63; *In re Byam's Estate*, 196 Wash. 76, 82 P.2d 111, 112; *Klein v. Harris*, 268 Ala. 540, 108 So.2d 425, 428.

*Wyoming State Treasurer ex rel. Workmen's Compensation Dept. v. Schultz*, 444 P.2d 313, 316 (Wyo.1968).

This court has repeatedly held that * * * where evidence is not in the record, the court assumes requisite facts were established to sustain the judgment, *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607; that absence of evidence does not warrant presumption that judgment is not sustained by the evidence, *Jacobson v. Wickam*, 36 Wyo. 522, 257 P. 7; where evidence not brought to reviewing court, facts found must be taken as true, *Arp v. Jacobs*, 3 Wyo. 489, 27 P. 800; and where part of

evidence is omitted the record is no more effectual than no record and the court will assume the judgment is supported, *Callahan v. E.O. Houck & Co.*, 14 Wyo. 201, 83 P. 372. See also Lakeview Canal Co. v. R. Hardesty Mfg. Co., 31 Wyo. 182, 224 P. 853, and *Royal Ins. Co. v. O.L. Walker Lumber Co.*, 23 Wyo. 264, 148 P. 340, 24 Wyo. 59, 155 P. 1101.

*Rayburne v. Queen,* 78 Wyo. 359, 376, 326 P.2d 1108, 1115 (Wyo.1958). These cases are consistent with the statutory provision:

A custody decree rendered by a court of this state which had jurisdiction under W.S. 20–5–104 binds all parties who have been served in this state or notified in accordance with W.S. 20–5–106 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to these parties the custody decree is conclusive as to all issues of law and fact decided and as to the custody determination made until that determination is modified pursuant to law.

WYO. STAT. § 20–5–113 (1997).

The principles articulated in these cases and set forth in the statute, to which no exception seems to be found, are more than sufficient to sustain the oral ruling of the trial court:

The Court also finds that the Court had jurisdiction to establish custody under the Uniform Child Custody and Jurisdiction Act, even in the absence of an affidavit or a specific pleading. The Court finds that there was an implication of jurisdiction because one party, one child, had significant contacts with the state, and that there was present here substantial evidence regarding the child's future.

In making this ruling the trial court recognized the requirements of WYO. STAT. § 20–5–110 (1997). Certainly, Wyoming attorneys should pay attention to that statute; and comply with it in any instance in which there may be a question of jurisdiction to adjudicate custody. In the absence of a record, however, I must assume that the trial court treated the pleadings as amended to conform with the evidence in accordance with WYO. R. CIV. P. 15.

Affirming the order of the trial court in this case is consistent with the purposes of our statute as described in WYO. STAT. § 20–5–102 (1997):

(a) The general purposes of this act are:

(i) To avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

(ii) To promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;

(iii) To assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

(iv) To discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;

(v) To deter abductions and other unilateral removals of children undertaken to obtain custody awards;

(vi) To avoid relitigation of custody decisions of other states in this state insofar as feasible;

(vii) To facilitate the enforcement of custody decrees of other states;

(viii) To promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child; and

(ix) To make uniform the law of those states which enact it.

(b) The provisions of this act shall be construed to promote the general purposes stated in this section.

Affirming the trial court also would be consistent with the cases in which this court already has considered the Uniform Child Custody Jurisdiction Act. WYO. STAT. § 20–5–101 to –125 (1997). *Marquiss v. Marquiss,* 837 P.2d 25 (Wyo.1992); *Rosics v. Heath* 746 P.2d 1284 (Wyo.1987); *Quenzer v. Quenzer,* 653 P.2d 295 (Wyo.1982) (overruled on other grounds); *State ex rel. Klopotek v. District Court of Sheridan County,* 621 P.2d 223 (Wyo.1980). *State ex rel. Griffin v. District Court of Fifth Dist.,* 831 P.2d 233 (Wyo.1992), is distinguishable because of the fact that in that instance custody proceedings had been commenced in the home state. In this case, the custody proceeding in Pennsylvania was not instituted until after the decree of divorce in Wyoming had become final.

While there is no question that it always is desirable to have a record, the absence of a record is one of the hazards that is encountered when one elects to not appear and answer and permit a judgment be taken by default. Under our law, the consequences of an absent record must be visited upon the appellant in this case, not on the trial court or the appellee. I would affirm the judgment of the trial court as consistent with the purposes of the statute and justified by the law of Wyoming.