**SERVITRON, INC., a corporation, and Alfred E. Smith, an Individual,**

v.

**INTERSTATE COMMERCE COMMIS-SION, a Federal Agency, and the United States of America.**

**Civ. A. No. 73–1.**

United States District Court,
M. D. Louisiana.

Sept. 5, 1974.

C. W. Phillips, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., Landon H. Rowland, Robert C. Canfield, Thomas R.

Brous, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiffs.

Douglas M. Gonzales, U. S. Atty., M. D. La., Baton Rouge, La., David C. Shonka, Atty., Civil Dept., Dept. of Justice, Washington, D. C., for the United States.

Fritz R. Kahn, Gen. Counsel, I.C.C., Bernard A. Gould, Director, Bureau of Enforcement, I.C.C., Washington, D. C., for Interstate Commerce Commission.

E. GORDON WEST, District Judge:

This matter is before the Court on the motions of the defendant, Interstate Commerce Commission, for judgment on the pleadings, and in the alternative, for summary judgment. Very exhaustive briefs and exhibits have been filed in this matter, and in view thereof, the Court concludes that no oral argument is necessary.

The primary dispute in this case revolves around the question of whether or not the Interstate Commerce Commission has authority to require the plaintiff, Alfred E. Smith, to give his testimony by deposition, and to require him to produce certain business records of the plaintiff, Servitron, Inc. For the purposes of these motions, the facts are not in dispute. The Interstate Commerce Commission is apparently conducting an investigation into certain practices of the Kansas City Southern Railway Company and the Louisiana and Arkansas Railway Company in relation to their controlling holding company, Kansas City Southern Industries, Inc. and persons under common control with the two rail carriers. In the course of this investigation, the Interstate Commerce Commission, learning that the plaintiffs have done business with the companies under investigation, issued an order that subpoenas be issued requiring Servitron, Inc. to produce certain documents and requiring the appearance of the plaintiff, Alfred E. Smith, for the purpose of taking his testimony by deposition. These subpoenas were served and after unsuccessful attempts by the

plaintiffs to have these subpoenas dismissed by the Commission, this suit was filed to contest the authority of the Interstate Commerce Commission to issue the subpoenas. Plaintiffs seek a declaratory judgment to the effect that the Interstate Commerce Commission does not have the authority to issue or enforce these subpoenas because, the plaintiffs contend, they are not "persons controlling, controlled by, or under a common control with" the common carriers involved in the investigation. The plaintiffs contend that since they themselves are not under investigation, and since they do not fall into the "controlled" category, the Interstate Commerce Commission has no right to issue or enforce these subpoenas against them.

After the filing of the suit the defendants filed an answer to the plaintiffs' complaint, and in addition thereto, filed a counterclaim seeking enforcement of the Commission's subpoenas pursuant to the provisions of Title 49 U.S.C. § 12 (2). This statute simply provides that if a subpoena is issued by the Commission and is not complied with, the Commission may invoke the aid of any Court of the United States for the purpose of requiring attendance of witnesses and the production of subpoenaed documents.

■ In the motion for judgment on the pleadings, the defendants contest the jurisdiction of this Court over the plaintiffs' original complaint. It is the position of the defendants that 49 U.S.C. § 12(2) provides the only means of determining the validity of a Commission subpoena, and that that determination can only be brought about by the person subpoenaed simply failing to comply with the subpoena and then by the Commission bringing suit under that section for enforcement of the subpoena. In view of the proceedings had in this case, that question raised by the defendants is now moot because the defendants have, in fact, invoked the provisions of 49 U.S.C. § 12(2) in their counterclaim, and thus the entire matter is properly before the Court.

For the purposes of considering the defendants' motion for summary judgment it will be assumed that the plaintiffs are not "persons controlling, controlled by, or under a common control with" the common carriers under investigation by the Commission, and it will be assumed that the plaintiffs are in no way under investigation by the Interstate Commerce Commission, nor are they directly connected with that investigation. It is admitted by the plaintiffs that they have done business with the carriers under investigation, and the sole question presented is whether or not they are subject to subpoenas issued by the Interstate Commerce Commission in connection with a valid investigation of the carriers with whom the plaintiffs have done business. The Court concludes that they are.

Title 49 U.S.C. § 12(1) provides in pertinent part that:

"The Commission shall have authority * * * to inquire into and report on the management of the business of all common carriers subject to the provisions of this chapter, and to inquire into and report on the management of the business of persons controlling, controlled by, or under a common control with, such carriers * * *. The Commission may obtain from such carriers and persons such information as the Commission deems necessary to carry out the provisions of this chapter * * *. The Commission is authorized and required to execute and enforce the provisions of this chapter; * * * and for the purpose of this chapter the Commission shall have power to require, by subpoena, the attendance and testimony by witnesses and the production of all books, papers, tariffs, contracts, agreements, and documents relating to any matter under investigation."

■ It is the position of the plaintiffs that the power given by the above statute to the Commission to subpoena the "testimony of witnesses and the production of * * * documents relating

to any matter under investigation" is limited by the preceding clauses which give the Commission the power to "inquire into and report on the management of the business of persons controlling, controlled by, or under common control with such carriers * * * ." The position taken by the plaintiffs is too narrow. This statute simply provides that the Interstate Commerce Commission has the right to inquire into the management of the business of common carriers and of persons controlling, controlled by, or under a common control with such carriers. It does not have the right to inquire into the management of the business of persons not falling within that category. But in this instance, the Commission is not inquiring into the management of the plaintiffs' business. It is inquiring into the business of the named railroads. The statute specifically gives the Commission the right to require by subpoena the attendance and testimony of witnesses and the production of documents *relating to any matter under investigation.* Thus, what the statute really does is to permit the Interstate Commerce Commission to investigate, by obtaining testimony and other evidence which is germane to their investigation. The testimony and the documents sought need not necessarily even be admissible as evidence any more than is any other discoverable material under the Federal Rules of Civil Procedure. It need only to relate to the matter under investigation. This does not mean that the Interstate Commerce Commission has the unlimited authority to delve into the business affairs of a person or company not under investigation. Its authority is limited by the wording of the statute itself. That limitation is simply that the Commission may require, by subpoena, the testimony and the production of documents in relation only to things relating to the matter under investigation. If the things sought by the subpoena do not relate to the plaintiffs' business with the railroads under investigation, then the Commission does not have the right to obtain them. But it does have the right to obtain evidence from anyone whomsoever of things relating to the matter properly under its investigation. See Interstate Commerce Commission v. Baird, 194 U.S. 25, 24 S. Ct. 563, 48 L.Ed. 860 (1904); Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047 (1894).

■■ Since it is the opinion of this Court that the Interstate Commerce Commission did in fact have the authority to issue subpoenas to both of these plaintiffs, the only question remaining is whether or not the subpoenas issued are broader than necessary and whether or not the subpoenas could require plaintiff to bring the documents involved to the place of taking the deposition. The statute pursuant to which the subpoena was issued, 49 U.S.C. § 12(1), permits the Commission to subpoena books, papers, tariffs, contracts, agreements, and documents relating to any matter under investigation. Thus, the only question before the Court is whether or not the subpoena duces tecum in question requires the production of documents, etc. "relating to any matter under investigation." The subpoena involved is broken down into 17 sections. Section 1, while seeking such things as "work requests, invoices and bills receivable—journals and ledgers, contracts and agreements, correspondence, memoranda, underlying work papers, and other documents," nevertheless limits these things to things pertaining to "general contracting, construction and engineering services to the Kansas City Southern Railway Company and to the Louisiana and Arkansas Railway Company and to all subsidiaries of either railroad company." Then, the items requested in Sections 2, 3, 4, 5, 7, and 9 specifically limit the items therein requested to those connected with "Item 1 above." Thus, all of the information sought in these various sections of the subpoena specifically relate to alleged activities between the plaintiff Servitron, Inc., and No. 8 while not specifically mentioning Item 1 therein, nevertheless does, by its terms, refer

to the preceding item and consequently does limit the items sought therein to those relating to contracts with and work performed for the railroads under investigation. Therefore the Court finds that the Commission does have the right to enforce the subpoenas insofar as the first nine items are concerned. However, a reading of Items 10 through 17 reflect that no limitation is placed upon the items therein sought such as would relate those items directly to the plaintiffs' activities or business dealings with the railroads under investigation. These eight items, No. 10 through 17, are overly broad and would seem, on their face, to require the production of documents that might not necessarily have any direct relation to the "matter under investigation" by the Commission. This does not mean to say that some of the items contained in these eight sections of the subpoena may not be subject to subpoena if properly described and if the proper relationship is shown between the documents sought and the matter under investigation by the Commission. But until they are so limited, they should not be enforced.

The only question is whether or not the Commission, by its subpoena, can require the plaintiffs to produce these documents at the place where the deposition of the plaintiff, Alfred E. Smith, is to be taken. The answer to this question would seem to be found by the provisions of 49 U.S.C. § 12(2) which states:

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing."

Thus, it is the opinion of this Court, that in view of the defendants' counterclaim which, under 49 U.S.C. § 12(2), gives this Court jurisdiction over this dispute, the question of whether or not the Court has jurisdiction over the plaintiffs' main demand becomes moot. Secondly, it is the opinion of this Court that, pursuant to the provisions of 49 U.S.C. § 12(1), the defendant Commission does have the authority to issue subpoenas and subpoenas duces tecum to the plaintiffs herein even though these plaintiffs are not "in control of, controlled by, or under common control with" the parties under investigation by the Commission. The Court further concludes, for the reasons above stated, that Items No. 1 through 9 of the subpoena in question are valid, enforceable subpoenas, and the defendants motion for summary judgment insofar as those items are concerned will be granted. The Court further finds that Items No. 10 through 17 of the subpoena in question are overly broad and do not show the necessary connection between the documents sought and the matters under investigation by the Commission, and they are therefore, in their present posture, invalid and unenforceable. And lastly, the Court concludes that pursuant to the provisions of 49 U.S.C. § 12(2), the subpoenas may require the plaintiffs to be present and to produce documents at the place where the designated hearing is to be held and therefore, in that respect, the defendant Commission's motion for summary judgment will also be granted.

A final judgment, not inconsistent herewith, will be entered accordingly.