In the Matter of the CONTEMPT ORDER ISSUED By the Honorable Robert B. Ranck, Judge, Ninth Judicial District, State of Wyoming, AGAINST Robert O. ANDERSON, Attorney, in Civil Action No. 24864.

No. 88–100.

Supreme Court of Wyoming.

Dec. 12, 1988.

F.M. Andrews, Jr., Andrews & Anderson, P.C., Riverton, for appellant.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Clinton D. Beaver, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The primary question in this case, which involves the invocation of the contempt powers of a district court in a proceeding instituted by an administrative agency to enforce discovery in a contested case, is whether the court lacked subject matter jurisdiction. As an incident of the enforcement proceeding, the district court found an attorney for a party guilty of indirect criminal contempt. The appeal raises other claims of error to the effect that: the order of the court placed an impossible burden upon the respondent attorney; a separate case, brought in the name of the State of Wyoming, must be instituted to prosecute an indirect criminal contempt; and the respondent attorney was denied due process of law as guaranteed by both the federal and the state constitutions. We conclude that the district court lacked subject matter jurisdiction and, therefore, it is unnecessary to address the additional issues. The order finding the respondent attorney in contempt is reversed.

The Department of Environmental Quality, State of Wyoming (DEQ), issued a Notice of Violation to V-1 Oil Company (V-1) for an accidental surface spill of gasoline at V-1's service station in Lander. The Notice of Violation was resisted by V-1, and a contested case proceeding evolved. At a later time, traces of a petroleum product appeared in a utility trench adjacent to V-1's service station, and the DEQ then proceeded to inquire about the possibility that a storage tank on V-1's property was leaking.

In pursuing this latter theory, the DEQ sought to take the depositions of several employees of V-1 and an independent expert who had been retained by V-1. In addition, it sought the production of various records and documents. This effort at discovery was pursued solely by a notice of deposition. None of the witnesses were subpoenaed. No order to produce any documentary evidence can be found in the record.

V-1, through its attorney, objected to the several notices of deposition asserting that the DEQ had not amended the Notice of

Violation to include any allegations of leaking underground storage tanks. V–1's objections were overruled by the hearing examiner, and Robert O. Anderson, the attorney for V–1 and the appellant in this case, then informed the DEQ that, notwithstanding the overruling of the objections, the witnesses would not testify with respect to matters concerning underground storage tanks. The witnesses did not appear at the depositions which had been scheduled by the several notices.

The DEQ then sought to enforce discovery by filing a Motion to Compel before the District Court, Ninth Judicial District. At a hearing on this motion, the district court ordered the witnesses to appear and testify about those matters as to which discovery was sought. The witnesses still did not appear. Instead, V–1, seeking relief from the order of the district court, filed a Verified Petition for Writ of Prohibition with this court. Prior to any action on the Verified Petition for Writ of Prohibition, the DEQ filed a Motion for Order to Show Cause and for Civil Contempt Order in the district court seeking the arrest and detention of the witnesses until they appeared and testified as ordered. V–1 responded to this motion by asserting that the district court was without subject matter jurisdiction. The several witnesses, however, did appear and testify as they had been ordered, and the Verified Petition for Writ of Prohibition filed in this court then was dismissed as moot.

The district court then, on its own motion and under the caption of the administrative enforcement proceeding, sent an Order to Show Cause to Robert O. Anderson to appear and show cause why he should not be held in indirect criminal contempt for failure to comply with the enforcement order of the district court. In his response, Mr. Anderson explained that the order compelling the witnesses to appear was not addressed to him; it did not direct him to produce the witnesses; any such order would exceed the jurisdiction of the district court; he would have no authority to compel the witnesses to appear; and the issue was moot because the witnesses already had testified. Following the response, a hearing was scheduled and held. No witnesses were sworn and no testimony was taken, but the district court did prepare summary findings of fact. The court found Robert O. Anderson in indirect criminal contempt, and he was sentenced to serve three days in the county jail. His appeal is taken from that Order of Contempt, and the execution of the sentence was stayed pending this appeal.

In his brief, Robert O. Anderson sets forth the issues (in his words "Grounds for Error") as follows:

"1. An order of contempt cannot be based on the failure to comply with an order entered when the court was without subject matter jurisdiction.

"2. Even if, by implication, the order required Attorney Anderson to produce designated witnesses, the order places a burden on him that he is without a duty or authority to perform.

"3. Criminal contempt proceedings can only be prosecuted in the name of the State of Wyoming. The court was without jurisdiction over the subject matter of the contempt proceedings.

"4. As a criminal matter, Attorney Anderson was denied due process of law, as provided by the 5th and 6th Amendments to the Constitution of the United States, Art. 1, § 6, Constitution of the State of Wyoming, and § 7–11–201, W.S. 1977."

The appellee simply states this issue:

"Did the district court act properly in issuing the order of contempt?"

■ An administrative agency is an arm of the executive branch of government, and it, unlike the judicial branch, has no inherent power to enforce discovery. *Interstate Commerce Commission v. Brimson,* 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047 (1894). Any such power that the administrative agency may possess is derived entirely from legislative mandate incorporated in an appropriate statute. *Hupp v. Employment Security Commission of Wyoming,* 715 P.2d 223 (Wyo.1986); *United States v. Security State Bank and Trust,* 473 F.2d 638, 22 A.L.R.Fed. 922 (5th Cir.

1973). The Wyoming statute which authorizes discovery in contested cases before administrative agencies is § 16–3–107(c), W.S.1977, which states:

"(c) In all contested cases, depositions and discovery relating thereto, agencies shall have the authority to administer oaths and affirmations, *subpoena witnesses* and require the production of any books, papers or other documents relevant or material to the inquiry. In case of contumacy or refusal to obey a *subpoena* issued by the agency in a contested case, deposition or discovery relating thereto, to any person, the district court for the district in which the hearing or deposition or other proceeding is being conducted shall upon application of the agency issue to the person refusing to obey the *subpoena* an order requiring the person to appear before the agency or other person designated by it there to produce documentary evidence if so ordered or there to give evidence touching the matter in question. Any failure to obey the order of court may be punished by the court as a contempt thereof." (Emphasis added.)

The judicial enforcement passage in the statute addresses only discovery which is to be accomplished by the use of a subpoena. The statute is silent with respect to any discovery to be accomplished by any other method including requests set forth in a notice of deposition. The limitations of the statute are significant in the disposition of this case.

 It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. *Earle v. McVeigh*, 91 U.S. 503, 23 L.Ed. 398 (1875); *Ex Parte Bradley*, 74 U.S. (7 Wall.) 364, 19 L.Ed. 214 (1868). Jurisdiction is essential to the exercise of judicial power. *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908). Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. *Earle*, 91 U.S. at 503. Subject matter jurisdiction, like juris-

diction over the person, is not a subject of judicial discretion. *Ex Parte Bradley*, 74 U.S. at 364. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction.

 In this instance, the statute provides only that "agencies shall have the authority to administer oaths and affirmations, subpoena witnesses and require the production of any books, papers or other documents relevant or material to the inquiry." Section 16–3–107(c), W.S.1977. The assistance of the court may be sought to enforce discovery in an administrative proceeding but only "[i]n case of contumacy or refusal to obey a subpoena issued by the agency in a contested case * * *." Section 16–3–107(c), W.S.1977. There is no question that this matter arises from a contested case. It is clear that the depositions were not sought by the issuance of any subpoena but only by "Notice of Deposition." The statute authorizes the pursuit of discovery, but only by subpoena, and the authority granted is limited by the statute. *Hupp*, 715 P.2d at 223; *Tri–County Electric Association, Inc. v. City of Gillette*, 525 P.2d 3 (Wyo.1974). See *Servitron, Inc. v. Interstate Commerce Commission*, 380 F.Supp. 1344 (M.D.La.1974), aff'd 420 U.S. 999, 95 S.Ct. 1440, 43 L.Ed.2d 758 (1975). The reach of the statute is to be strictly construed. *Tri–County Electric*, 525 P.2d at 3. The provision for judicial enforcement of a subpoena justifies the enforcement of a subpoena only, and nothing else, including a notice of deposition, may be the subject of an enforcement proceeding in the district court. *U.S. v. Stanack Sales Company*, 387 F.2d 849 (3rd Cir.1968). *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).

 The proper method for initiating an enforceable effort to take a deposition is for the agency to issue a subpoena to the witness. Then, and only then, if the wit-

ness does not appear or refuses to testify, the agency may invoke the assistance of the judicial branch of government in an enforcement proceeding. *Belle Fourche Pipeline Company v. United States,* 751 F.2d 332 (1984); *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1984), cert. denied 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). If the parties to the administrative proceeding circumvent this approach, there is not the requisite "ripeness" for judicial enforcement. In this instance, the discovery proceedings were not sufficiently ripe to invoke the subject matter jurisdiction of the district court because the DEQ did not issue an appropriate subpoena.

There is ample justification for this rule. In requiring a formal subpoena so as to demonstrate the requisite "ripeness," the judicial branch ensures that: its authority is not prematurely invoked in administrative proceedings; the administrative agencies are protected from judicial interference; and the judicial branch of government is protected from entangling itself in administrative matters until the administrative decision has been formalized and its effects manifested in a concrete way by the parties. *Belle Fourche Pipeline,* 751 F.2d at 332; *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). While in this instance it is the agency itself seeking judicial assistance, the same doctrine is valid and should be universally applied. A further justification for this approach is found in the very purpose of judicial, instead of agency, enforcement of administrative sanctions. The system is intended to provide a meaningful day in court for those resisting administrative proceedings. Cf. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed. 2d 112 (1964); *Security State Bank,* 473 F.2d at 638. If less than complete agency adherence to the essential procedure is required, the day in court for the resisting party will not be meaningful. If the courts were to simply provide blanket enforcement of any and all proceedings brought out of administrative matters, the foregoing purpose of all such doctrines would be substantially diminished.

It follows that the district court in this matter had no subject matter jurisdiction with respect to the enforcement proceedings. Any order entered regarding those proceedings, including the contempt order addressed to Robert O. Anderson, cannot stand. It is an order issued without requisite jurisdiction and necessarily null, void, and of no effect.

The appellee urges that Anderson's conduct was an affront and an insult to the dignity of the court. It is contended that this alone somehow makes the contempt order justifiable and proper. Even if this allegation, which is not supported by the record, were true, the judicial power is simply lacking in the absence of subject matter jurisdiction. Thus, in spite of any alleged motive or conduct by Robert O. Anderson, the contempt order cannot issue under the circumstances of this case. Because this case is resolved by the lack of subject matter jurisdiction, all other issues and questions become inconsequential and immaterial. For the reasons stated above, we conclude that the contempt order resulting in the sentence of Robert O. Anderson could not issue. It has no legal efficacy. The finding of contempt is reversed.