IN RE THE MARRIAGE OF ROGER EARL PEABODY, PETITIONER AND RESPONDENT, AND JACQUELINE ETHEL PEABODY, RESPONDENT AND APPELLANT.

No. 14003.
Submitted Sept. 21, 1978.
Decided Nov. 3, 1978.
586 P.2d 304.

McDonough, Cox & Simonton, Richard A. Simonton (argued), Glendive, for respondent and appellant.

Cecil N. Brown (argued), Baker, for petitioner and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

The District Court, Fallon County, dissolved the marriage of Roger (respondent) and Jacqueline (appellant) Peabody on July 18, 1977. Appeal is made from the District Court's order denying appellant's motion and affidavit for disqualification of judge, the findings of fact, conclusions of law and judgment entered July 5,

1977, the decree of dissolution entered July 18, 1977 and the findings of fact, conclusions of law and order entered September 21, 1977.

The parties were married on November 1, 1965. Two children were born of the marriage: Rhonda, born March 22, 1966, and Pamela, born February 17, 1968.

Increasing marital problems prompted respondent to file for divorce in April 1977.

Appellant was served with a summons to answer respondent's complaint on April 19, 1977. On May 3, 1977, appellant contacted an attorney, Richard Simonton, to represent her and through him, she filed a motion and affidavit for disqualification of judge on May 10, 1977. The motion was denied. The District Court order stated appellant's motion had not been filed within the time allowed under this Court's rule concerning judicial disqualification. Thereafter, Attorney Russell Culver, was substituted as counsel for appellant and an answer to respondent's complaint was filed, together with a cross-petition for dissolution of marriage. A trial was held June 21, 1977, and on July 5, 1977, the District Court issued its findings of fact, conclusions of law and judgment. Custody of the two children was granted to respondent. It was also determined he should have the trailer home, real property and all personal property, except that which belonged to appellant, specifically, a 1975 Oldsmobile, a motorcycle, a 1975 Ski Doo 340, her clothing and other personal possessions. Appellant was not required to pay child support. Finally, respondent was ordered to pay $250 per month as maintenance to appellant for a period of four months. The decree of dissolution was signed by the District Court on July 18, 1977.

Thereafter, Richard Simonton was substituted as counsel for appellant, and on July 26, 1977, appellant filed a motion to set aside the court's findings and conclusions and also filed a motion for new trial. A hearing was held August 24, 1977, on the motion for new trial. The court concluded the hearing by giving the parties three weeks to file briefs on all questions presented. On September 21,

1977, the District Court again issued findings of fact, conclusions of law and an order denying the motion for new trial.

In response to appellant's argument that a new trial should be granted because the judge failed to disqualify himself, the District Court made the following finding of fact:

"3. The Court finds that the motion to disqualify the Judge by motion and affidavit was not made within the ten days provided by Rule of Court. That the Respondent knew the name of the Judge to which the case was assigned from the time of service, and did not attempt to disqualify until twenty days had elapsed."

Notice of appeal was filed by appellant on October 11, 1977.

Appellant alleges the District Court committed error at various stages of the proceedings. However, our consideration of this case can be limited to the threshold issue:

Did the District Court properly deny appellant's motion and affidavit for disqualification of judge?

The Montana Supreme Court rule on disqualification and substitution of judges, as it appears in 34 St.Rep. 26, effective March 1, 1977, states in part:

"When a case is filed in a multi-judge district, it shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the summons, order to show cause, or information and all copies thereof.

"Whenever a judge is assigned a case for ten consecutive days and the attorneys of record on both sides have knowledge of the assignment for that period of time, and if during this time no motion for substitution of a judge is filed against him, all rights to move for substitution of a judge shall be deemed waived by all parties, unless the presiding judge disqualified himself thereafter in which case the right to move for substitution of a new judge is reinstated and the ten day period starts running anew."

In the instant case, the summons was served on appellant April 19, 1977. She met with an attorney for the first time on May 3, 1977. The attorney filed an affidavit and motion for disqualifica-

tion of judge on May 10, 1977. The attorney did this assuming the Honorable Alfred B. Coate would be the judge, even though his name was not stamped on the face of the summons as the rule requires. On May 16, 1977, the motion was denied and the reason given in the order was it had not been filed within the ten-day limitation. Therefore, the question is: Does service of the summons on a party start the ten-day period in which a judge can be disqualified? Clearly, the answer is no. The rule requires that an attorney of record must have knowledge of the assigned judge for ten days before the right to disqualify the judge is lost. No attorney of record exists for a party when they are handed a summons. Respondent's argument is that knowledge to the party is knowledge to the attorney. First, a party may not even have an attorney when handed a summons. Second, a party is not required to know the Montana Supreme Court rule on disqualifying judges, as set forth in the State Reporter. Appellant was handed the summons, had to find an attorney, give the summons to the attorney, and then the attorney had to speculate which one of the two judges in the Sixteenth Judicial District had been assigned the case. It is for circumstances such as these that this Court requires that an attorney of record have knowledge of the judge assigned to the case for ten days before the right to disqualify the judge is lost.

Appellant's motion and affidavit, having been timely filed, should have been granted. The judgment of the District Court is reversed and a new trial is ordered on all issues.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.