**GLOBAL SHIPPING AND TRADING, LTD., a Wyoming Corporation; Dr. Petr Novak; Dr. Nikita Sorokine; Mr. Daniel Yates; Landmark Commercial Inc., a Panamanian Corporation; and YSA Management Services Ltd., a Wyoming Corporation, Appellants (Plaintiffs),**

v.

**VERKHNESALDINCKY METALLURGIC COMPANY; Matthew Roazen; J. Samuel Choate, Jr.; Peter Altman; Grigori Babenko; and Nikolai Kolmykov, Appellees (Defendants).**

No. 94–101.

Supreme Court of Wyoming.

March 24, 1995.

Harold F. Buck of Buck Law Offices, Cheyenne, Argument presented by Mr. Buck, representing appellants.

Gregory C. Dyekman and Brandin Hay of Dray, Madison & Thomson, Cheyenne, Argument presented by Mr. Hay, representing appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

In the district court plaintiffs failed to obey W.R.C.P. 37 discovery orders. In response, the district court dismissed plaintiffs' complaint and entered default judgment for defendants based upon their counterclaim. Plaintiffs appeal.

## ISSUES

Plaintiffs assert the following issues:

Judgment was erroneously entered against a Wyoming Corporation and its Belgium resident shareholders for over Fourteen Million Dollars ($14,000,000.00) and their Complaint improperly dismissed as a sanction under Wyoming Rules of Civil Procedure 37 where:

1. The materials ordered to be produced were substantially produced in a timely manner;

2. The Court lacked jurisdiction to entertain the Counterclaim against the individual Defendants;

3. The discovery material was accepted by the party seeking sanctions prior to the Court entering its Order; and

4. The Court held neither a hearing to determine the sufficiency of the material produced nor a hearing on damages regarding default judgment.

Defendants present the following issues:

1. Did the district court abuse its discretion in dismissing the plaintiffs' complaint and in entering default judgment against four of them for their repeated failures to obey the court's discovery orders?

2. Did the district court have personal jurisdiction over the individual plaintiffs?

## FACTS

Plaintiff corporation Global Shipping and Trading, Ltd. (Global Shipping), is a Wyoming corporation with its principal place of business in Belgium. The other named plaintiffs hold interests in the corporation. Defendant Verkhnesaldincky Metallurgic Company is a Russian manufacturer of titanium. Defendants Matthew Roazen and J. Samuel Choate, Jr. are American attorneys who were employed by the Russian entity. The remaining individual defendants reside in Russia.

Before this case was filed in the district court, Defendant Verkhnesaldincky Metallurgic Company sued Plaintiff Global Shipping in the United States District Court for the District of Wyoming for breach of contract. In that federal case, Global Shipping failed to answer after valid service and ignored discovery orders. The federal district court entered default and rendered default judgment against Global Shipping in the amount of $14,528,456.00 plus prejudgment and postjudgment interest and costs.

Based upon that judgment, Defendant Verkhnesaldincky began execution procedures in Belgium against Global Shipping. During those Belgian proceedings, Defendant Verkhnesaldincky was informed that it was in fact a shareholder of Global Shipping. With that information, Defendant Verkhnesaldincky filed a second action, this time in the District Court for the First Judicial District, Laramie County, Wyoming, to compel Global Shipping to hold an annual shareholders meeting. The district court ordered the shareholders meeting. No one attended on behalf of Global Shipping, and, as a result, Defendant Verkhnesaldincky's American attorneys were named directors and officers of Global Shipping.

With that history, we now come to the case at hand. Global Shipping takes the role of plaintiffs by filing the instant action for declaratory and injunctive relief. Plaintiffs ask the court to declare that they are the sole shareholders, officers and directors of Global Shipping and that defendants were not entitled to call a shareholders meeting. Plaintiffs also ask the court to enjoin the action taken by the defendants who assumed control of Global Shipping at the shareholders meeting.

Defendants answered and counterclaimed for the unsatisfied judgment awarded in the federal court and sued the individual plaintiffs, seeking to pierce the corporate veil of Global Shipping. Defendants noticed the depositions of individual plaintiffs and corporate deposition of Global Shipping.

Plaintiffs moved for a protective order to quash or modify the deposition notices. Individual plaintiffs argued they were residents of Belgium and should not be compelled to come to Wyoming for depositions. The individual plaintiffs offered to conduct the depositions and produce documents in Belgium. The court permitted the noticed depositions to be taken in Belgium, provided that the plaintiffs advanced Defendant Choate's costs for attending those depositions. Plaintiffs did not produce the requested documents or advance the appropriate sums for depositions in Belgium.

Defendant Verkhnesaldincky moved for W.R.C.P. 37 sanctions against plaintiffs.

The court again ordered that plaintiffs produce documents and gave an additional fifteen days for the production. The court also ordered that plaintiffs' depositions be taken in Wyoming. Finally, the court noted on its order that the failure to comply strictly and completely with the time requirements of the order would result in immediate dismissal of the complaint and simultaneous entry of default against the noncomplying plaintiff.

Several days after the entry of the court's order, the order was amended. A warning with boldface type was amended to read as follows:

> This Court finds that a final warning to Plaintiffs for their noncompliance with this Court's Orders is appropriate. The failure to comply completely and in full with this Order within the time periods specified herein **shall result in the immediate dismissal of Plaintiffs' Complaint, and the entry of default judgment against Plaintiffs on Defendant's Counterclaim.** No further hearing on W.R.C.P. 37 sanctions will be necessary.

The court order required production of the documents by March 10, 1994. On March 4, 1994, plaintiffs produced 37 pages of documents; and on March 11, 1994, plaintiffs produced 58 pages of documents. On March 15, 1994, the court determined its order had not been complied with, dismissed plaintiffs' complaint and granted default judgment against plaintiffs on Verkhnesaldincky's counterclaim. Plaintiffs submitted additional documents on March 22, 1994, and moved to set aside the default on March 25, 1994.

### DISCUSSION

#### A. Rule 37 Sanctions

Did the district court abuse its discretion by dismissing plaintiffs' complaint and entering default judgment against plaintiffs on defendants' counterclaims? In *Farrell v. Hursh Agency, Inc.,* 713 P.2d 1174, 1177–80 (Wyo.1986), this court set forth the appropriate standard of review with respect to a district court's discovery decisions:

> The rule is that the trial court has broad discretion in controlling discovery. *Mauch*

*v. Stanley Structures, Inc.*, Wyo., 641 P.2d 1247 (1982). * * *

* * * * * *

In contemplating the issue having to do with abuse of discretion in the imposition of sanctions, it has been noted that the question is not whether the reviewing court would have dismissed the action, but whether the trial court abused its discretion in so doing. *Margoles v. Johns*, 587 F.2d 885 (7th Cir.1978). * * * We have said that the trial court is given discretion with regard to sanctions, even to the point of entering a default judgment. *Zweifel v. State ex rel. Brimmer*, [Wyo., 517 P.2d 493, 498–99 (1974)]. Although the sanction of default is clearly not favored, we cannot say that the court abused its discretion in entering a default judgment against a party which has refused to comply with a court order compelling production of the same documents, which had been ordered produced nearly one year earlier. *See Jones v. Uris Sales Corporation*, 373 F.2d 644 (2nd Cir.1967).

Rule 37 clearly authorizes the court to dismiss pleadings as well as grant default judgment against the disobedient party. Rule 37(b)(2)(C), W.R.C.P. The plaintiffs were given ample opportunity to comply with the district court's discovery order, and they were given adequate notice and warning by the district court that failure to comply would result in these sanctions. *See generally Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707–08, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982) ("In holding that the sanction in this case was 'just,' we rely specifically on the following. * * * The court then warned petitioners of a possible sanction. * * * Fourth, petitioners had ample warning that a continued failure to comply with the discovery orders would lead to the imposition of this sanction."). Yet the plaintiffs failed to comply. The plaintiffs cannot now complain of what they were notified would happen upon their failure to comply with the district court's discovery order. "Little sympathy will be shown those who undermine the principles of discovery." *Caterpillar Tractor Co. v. Donahue*, 674 P.2d 1276, 1285 (Wyo.1983).

The district court's order was clear that the plaintiffs failed to comply with the court's discovery order and, based upon that failure, the plaintiffs' complaint was dismissed and default was entered against them.

The district court's order further found that the individual plaintiffs acted in such a manner as to justify piercing the corporate veil. We need not comment on evidence or lack of evidence which would support that finding because the court incorporated the Affidavit of Noncompliance in its order which set forth numerous acts of noncompliance by the individual plaintiffs. The individual plaintiffs, therefore, were subject to sanctions found in W.R.C.P. 37 which included dismissal of their complaint and entry of judgment against them.

### B. Personal Jurisdiction

Plaintiffs' second issue asserts that the court lacked jurisdiction over the individual plaintiffs and therefore entry of judgment on the counterclaim was improper. The basis for this argument is that the individual plaintiffs appeared by virtue of filing the declaratory relief complaint. They claim they had no choice in their appearance because W.S. 1–37–113 requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]" The individual plaintiffs further argue that the counterclaim was permissive rather than compulsory in that it did not arise out of the subject matter of the original complaint. Because of that, it is claimed, the court does not obtain jurisdiction over individuals named in the counterclaim.

This court reviews personal jurisdiction issues de novo. *Anderson v. Perry*, 667 P.2d 1155 (Wyo.1983); *Eddy v. Oukrop*, 784 P.2d 610 (Wyo.1989). In *Leman v. Krentler–Arnold Hinge Last Co.*, 284 U.S. 448, 451, 52 S.Ct. 238, 239–40, 76 L.Ed. 389 (1932), the United States Supreme Court concluded that a plaintiff who brings suit against defendants in a forum in which the court could not otherwise exercise personal jurisdiction submits "itself to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the coun-

terclaim of the defendants[.]" The Supreme Court followed and expanded that rule to issues of venue in *General Electric Co. v. Marvel Rare Metals Co.,* 287 U.S. 430, 432–35, 53 S.Ct. 202, 203–04, 77 L.Ed. 408 (1932). Both *Leman* and *Marvel* have been consistently followed by other courts. *See generally Rubsam v. Harley C. Loney Co.,* 86 F.Supp. 350 (E.D.Mich.1949); *H.R. Basford Co. v. Jones,* 22 F.R.D. 319 (D.Colo.1958); *Commerce Mfg. Co. v. Blue Jeans Corp.,* 146 F.Supp. 15 (E.D.N.C.1956); *Howard Concrete Pipe Co. v. Cohen,* 139 Ga.App. 491, 229 S.E.2d 8 (1976); *Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc.,* 25 F.Supp. 1021 (E.D.N.Y.1939) (stating general rule that "[t]he plaintiff by coming voluntarily into the District Court of this District subjects itself to the Jurisdiction of this Court in respect to all possible grounds of counterclaim.").

Furthermore, in *Insurance Corp. of Ireland,* the United States Supreme Court concluded that because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. *Id.,* 456 U.S. at 703, 102 S.Ct. at 2105. The Court stated that regardless of the power of the state to serve process, an individual may submit to the jurisdiction of the court by appearance. *Id.* The Court went on to state that it has upheld state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures. *Id.,* 456 U.S. at 704, 102 S.Ct. at 2105 (*citing Adam v. Saenger,* 303 U.S. 59, 67–68, 58 S.Ct. 454, 458, 82 L.Ed. 649 (1938) ("There is nothing in the Fourteenth Amendment to prevent a state from adopting a procedure by which a judgment *in personam* may be rendered in a cross-action against a plaintiff in its courts * * *. It is the price which the state may exact as the condition of opening its courts to the plaintiff")).

The individual plaintiffs invoked the district court's authority as shareholders and alleged officers and directors of Plaintiff Global Shipping and Trading, Ltd., a Wyoming corporation. The individual plaintiffs incorporated Global Shipping in Wyoming. The individual plaintiffs invoked Wyoming law and the district court's authority to protect Global Shipping's interest against the defendants. Furthermore, the individual plaintiffs invoked Wyoming law and the district court's authority and submitted to the district court's jurisdiction by asking the district court to enjoin the defendants from acting as shareholders, directors and officers of Global Shipping, reinstating the individual plaintiffs as Global Shipping's sole shareholders, directors and officers. Defendants' counterclaim to pierce the corporate veil of a Wyoming corporation and to hold the directors and officers of that Wyoming corporation liable for the debts of the corporation asserted a claim for relief resting wholly and only in Wyoming law.

The individual plaintiffs submitted to the district court's jurisdiction by voluntarily appearing and bringing their original action in the district court. This is the price the state of Wyoming exacts from the individual plaintiffs for opening its courts to them. They, therefore, waived any objection to personal jurisdiction. The district court appropriately exercised specific personal jurisdiction over those officers and directors with respect to the counterclaim. The individual plaintiffs invoked the jurisdiction of the district court by seeking affirmative relief against the defendants.

## CONCLUSION

The decision of the district court is affirmed in all respects.