Michael H. COTTON, Appellant
(Defendant),

v.

Ed W. BROW, Appellee (Plaintiff).

No. 95–32.

Supreme Court of Wyoming.

Sept. 14, 1995.

Michael H. Cotton, pro se, for Appellant.

Richard G. Miller, Casper, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Michael Cotton appeals from the declaratory judgment which extinguished his interest in a contract for deed.

We affirm.

## ISSUES

Cotton sets forth three questions for our review in his brief which he entitled "Peremptory Writ of Error":

1. Did the District Court [err] in its failure to acknowledge Michael Cotton's Sui Juris Status which was declared and affirmed?

2. Did the District Court [err] in its failure to act Sua Sponte to protect Michael Cotton's Rights in its fictitious presumption that Michael Cotton was bound by the same rules and procedures of all other Parties In Interest, after Michael Cotton continually objected to the Titles of Nobilities imposed upon him?

3. Did the District Court [err] in failing to require revenue agent Gary Warner to establish LAWFUL scope of authority operating in the situs of Natrona County, Wyoming against property of a non-federal person?

## FACTS

Cotton entered into a contract for deed on July 29, 1988, to purchase property located in Casper from the Wyoming Community Development Authority (the WCDA). In May 1993, the Internal Revenue Service (the IRS) gave notice that it had seized Cotton's interest in the contract for deed because Cotton had not paid his internal revenue taxes. The IRS sold Cotton's interest in the contract for deed on June 2, 1993, to Appellee Ed Brow at a public auction.

Brow brought an action for a declaratory judgment in the district court because Cotton refused to relinquish possession of the property and the WCDA declined to complete an assignment of the contract for deed to Brow. After holding a bench trial, the district court entered a declaratory judgment in favor of Brow, declaring that Cotton had no further interest or legal right in the contract for deed and ordering him to dispossess himself of and remove himself from the property. The district court also directed the WCDA to complete an assignment of the contract for deed to Brow. Cotton appealed to this Court.[1]

## DISCUSSION

■ Cotton presents three "questions" for our review on appeal. We cannot readily discern from his brief what errors Cotton is

claiming that the district court made. After having reviewed his entire argument, we believe that he may be generally contesting the district court's jurisdiction over him because he claims that he occupies a special "*sui juris*" status.[2]

The district court attained personal jurisdiction over Cotton when Cotton was personally served with process within the district court's jurisdiction. W.R.C.P. 4.

> Personal service achieves jurisdiction for the forum court over the subject matter and the listed defendants by issuance of a summons by the clerk of court and service by the sheriff or other authorized person, W.R.C.P. 4(c), on the individual or entity to be found within the jurisdiction pursuant to W.R.C.P. 4(d)....

*WR v. Lee (In re DG)*, 825 P.2d 369, 374–75 (Wyo.1992). Cotton waived his right to contest the district court's jurisdiction over his person when he failed to contest that jurisdiction. *See Nicholaus v. Nicholaus*, 756 P.2d 1338, 1342 (Wyo.1988); *see also Gookin v. State Farm Fire and Casualty Insurance Company*, 826 P.2d 229 (Wyo.1992). Cotton affirmatively invoked the jurisdiction of the courts of this state when he filed his brief on appeal. *See Global Shipping and Trading, Ltd. v. Verkhnesaldincky Metallurgic Company*, 892 P.2d 143, 146–47 (Wyo.1995).

■ Unlike personal jurisdiction, subject matter jurisdiction cannot be waived. *Brunsvold v. State*, 864 P.2d 34, 36 (Wyo. 1993); *DB v. State Department of Family Services (In re MFB)*, 860 P.2d 1140, 1146 (Wyo.1993). A challenge to the subject matter jurisdiction of a court may be raised at any time during the proceeding. *Makinen v. PM P.C.*, 893 P.2d 1149, 1152 (Wyo.1995). " 'Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong.' " *Booth v. Magee Carpet Company*, 548 P.2d 1252, 1256 (Wyo.1976) (quoting *Murrell v. Stock Growers' Nat.*

---

1. Although the WCDA was not listed in the caption of the case as being a party to the appeal, it filed a brief and designated itself as an appellee.

2. The term *sui juris* is defined as: "Of his own right; possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship." BLACK'S LAW DICTIONARY 1286 (5th ed. 1979).

*Bank of Cheyenne,* 74 F.2d 827, 831 (10th Cir.1934)). *See also DB,* 860 P.2d at 1146.

 Pursuant to Article 5, Section 10 of the Wyoming Constitution, the district court has original jurisdiction over all actions which are "not otherwise provided for." *See Glover v. State,* 860 P.2d 1169, 1173–74 (Wyo. 1993). The Uniform Declaratory Judgments Act, as it has been adopted in Wyoming, allows the district courts to determine and declare the interests of the parties to contracts and in property located in Wyoming. WYO.STAT. §§ 1–37–102, –103 (1988). *See, e.g., Hronek v. Saint Joseph's Children's Home,* 866 P.2d 1305 (Wyo.1994). Brow asked the district court to proclaim that Cotton's interest in the contract for deed had been extinguished by Brow's purchase at the public auction. The district court was well within its jurisdiction when it declared the respective parties' interests in the property and in the contract for deed.

Cotton has failed to provide any cogent argument or pertinent authority to support his other general claims of error. We, therefore, refuse to consider the remainder of Cotton's claims on appeal. *McNeiley v. Ayres Jewelry Co.,* 886 P.2d 595, 597 n. 2 (Wyo.1994).

■ Brow requests that we award costs and fees to him pursuant to W.R.A.P. 10.05 on the basis that reasonable cause did not exist for Cotton's appeal. We agree and hereby certify that reasonable cause did not exist for Cotton's appeal because he failed to provide the Court with cogent argument or pertinent authority to support his claims of error and his brief did not meet the requirements of the Wyoming Rules of Appellate Procedure. *Phifer v. Phifer,* 845 P.2d 384, 387 (Wyo.1993). Brow shall submit a statement of his costs and attorney's fees to this Court; we will make an appropriate award of costs and fees after we have reviewed Brow's submission.

## CONCLUSION

We hold that the district court had jurisdiction over the parties and the subject matter of this case and that the district court did not err when it entered the declaratory judgment in favor of Brow.

Affirmed.