**Betty Lou Frances PAWLOWSKI, Appellant (Plaintiff),**

v.

**Lawrence Harry PAWLOWSKI, Appellee (Defendant).**

No. 95–275.

Supreme Court of Wyoming.

Oct. 22, 1996.

William D. Hjelmstad, Casper, for Appellant.

Larry R. Clapp of Clapp and Associates and Keith R. Nachbar, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

LEHMAN, Justice.

In a divorce action filed in a multi-judge district, the parties learned of the assigned judge only when the case was set for trial. Four days later, appellant filed a motion for peremptory disqualification, which was denied by the assigned judge as untimely.

We reverse.

## ISSUE

While appellant sets forth numerous alleged errors during the course of this divorce action and trial, there is but one determinative issue:

Did the court commit error in denying the Motion for Peremptory Disqualification of judge under W.R.C.P. 40.1(b)(1)?

## FACTS

Appellant filed a divorce complaint in Wyoming's Seventh Judicial District, which is served by two district court judges. The day after the complaint was filed, one of the judges signed two ex parte orders based on the allegations in the verified complaint.

* Chief Justice at time of oral argument.

Following appellee's answer being filed, the second judge signed two stipulated orders, as well as an order for mediation. Eventually appellant requested a trial setting; and, by the Notice of Setting signed by the district court's administrative assistant, the parties were advised which judge would preside at the trial. Four days later, appellant properly filed and served a Motion for Peremptory Disqualification pursuant to W.R.C.P. 40.1(b)(1) with a proposed order granting the motion.

The sole response to the Motion for Peremptory Disqualification was the judge's handwritten notation attached to the proposed order advising the appellant that the motion was "not timely." No formal order was entered until after this appeal was filed. Discovery continued and a trial was held. After the trial, appellant filed a Motion for New Trial and Motion to Amend Judgment, which was denied without hearing. This timely appeal followed.

## STANDARD OF REVIEW

The dispositive question for our review is whether the district court judge had subject matter jurisdiction after appellant filed the Motion for Peremptory Disqualification. We conduct a *de novo* review of jurisdictional questions pursuant to "the inherent power, and the duty, to address jurisdictional defects on appeal...." *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992); *see also Global Shipping & Trading, Ltd. v. Verkhnesaldincky Metallurgic Co.*, 892 P.2d 143, 146 (Wyo.1995). If a lower court acts without jurisdiction, "this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit." *Gookin*, at 232. In this case, our initial inquiry must be whether the requisites of W.R.C.P. 40.1(b)(1) were met and whether such compliance appears on the record. *Id.*, at 234–35. If so, we must then determine whether appellant waived her right to invoke the rule.

## DISCUSSION

The provision setting forth the mandatory procedures to exercise a peremptory disqualification of a judge in a civil case is W.R.C.P. 40.1(b)(1). The portions of that rule which govern the procedures for plaintiff (appellant herein) provide as follows:

(b) *Change of judge.*

(1) Peremptory Disqualification.—A district judge may be peremptorily disqualified from acting in a case by the filing of a motion requesting that the judge be so disqualified. The motion designating the judge to be disqualified shall be filed by the plaintiff within five days after the complaint is filed; provided, that *in multi-judge districts, the plaintiff must file the motion to disqualify the judge within five days after the name of the assigned judge has been provided by a representative of the court to counsel for plaintiff by personal advice at the courthouse, telephone call, or a mailed notice.*

(Emphasis added.)

The undisputed record clearly reflects that the mandates of the rule were followed. The notice of setting was the first notification to the parties' counsel, by a representative of the court, naming the judge assigned to preside over the case. Just as clear is that the motion for peremptory disqualification was properly filed with the court within five days after the notice of trial setting and was served upon appellee. The position of appellee, however, is that appellant waived her right to peremptorily disqualify the judge both before and after filing her motion.

We first address the assertion that appellant's failure to comply with procedural rules after filing her motion constitutes a waiver of her jurisdictional claim. Appellee argues that appellant failed to request a hearing, pursuant to W.R.C.P. 6(c)(2) and "local practice," and failed to provide notice of the denial of the peremptory challenge pursuant to W.R.C.P. 5 and 58. Appellee further contends that appellant's failure to comply with W.R.A.P. 2.07(b)(2) and 7.01 precludes consideration of jurisdictional issues by this court. Appellee's procedural claims, however, do not withstand the jurisdictional reality of a motion for peremptory disqualification.

[O]nce a proper motion for change of judge has been filed, the district judge concerning whom the motion is made *is divested of all jurisdiction* except for residual authority to assign the case to another district judge.

*Osborne v. District Court of Ninth Judicial Dist.*, 654 P.2d 124, 127 (Wyo.1982) (emphasis added). The record reflects that a proper motion for change of judge was filed. This is the triggering event which divested the district court of subject matter jurisdiction.

■ The failure by appellant to memorialize the district court's handwritten denial of the motion by way of formal order is unfortunate and would have provided a more precise record. However, it is well established that, unlike personal jurisdiction, subject matter jurisdiction cannot be waived. *Cotton v. Brow*, 903 P.2d 530, 531 (Wyo.1995); *Brunsvold v. State*, 864 P.2d 34, 36 (Wyo.1993).

The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion.

*Gookin*, 826 P.2d at 232 (*quoting Gardner v. Walker*, 373 P.2d 598, 599 (Wyo.1962)). Consequently, even though appellant's procedural omissions may be cause for comment, they did not confer subject matter jurisdiction on the district court judge after a proper motion for peremptory disqualification was filed.

■ We turn now to appellee's contention that appellant waived her right to file a peremptory disqualification when she accepted the judge's jurisdiction to sign ex parte orders immediately after the complaint was filed. Appellee appears to contend that once appellant recognized the judge's authority to act on any matter in the case, she waived her right to peremptorily disqualify the same judge for any other part of the proceeding. We perceive several problems with this argument.

■ First, appellee ignores the fact that the other district judge also signed several orders prior to notice of assignment of the case. In essence, appellee seeks approval of a rule which would require an attorney to speculate as to which of two judges eventually will be assigned to a case, and then to immediately file a motion for peremptory disqualification based on that speculation. This we will not do. As noted by the Montana supreme court: "It is for circumstances such as these that this Court requires that an attorney of record have knowledge of the judge assigned to the case ... *before* the right to disqualify the judge is lost." *In re Marriage of Peabody*, 179 Mont. 98, 586 P.2d 304, 306 (1978) (emphasis added). No litigant has the authority to assign a judge to a case in a multi-judge district, and the court's failure to timely assign a judge as contemplated under the rule should not operate as a vehicle to deprive a litigant of a right to a peremptory challenge.

■ Of more interest is appellee's reference to the possibility of mischief when the language of W.R.C.P. 40.1(b)(1) is applied to a litigant who has permitted, without challenge, a judge to hear and rule on evidence substantially material to the subsequent trial and then, after formal assignment, attempts to disqualify that judge on the basis of the prior ruling. *See State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967). In *Osborne*, we noted the legal principle that "a party cannot utilize a motion to change a judge as a means of picking and choosing between judges after he or she is given an impression of the court's view on the matter in dispute." 654 P.2d at 127. We recognize that there are legitimate concerns regarding the potential for abuse of the rule. Therefore, balancing these concerns with the realities of practice, we hold that a party may waive the right to invoke a peremptory disqualification before notice by the court of an assignment when a party allows a judge to determine substantive material issues in the case to be set for trial.

Even so, these circumstances are not present in this case. The record does not disclose any contested hearings having been held or evidence otherwise presented which resulted in a decision made by either judge regarding substantive material issues in the case to be set for trial. As result, appellant did not waive her right to invoke the peremptory disqualification of the district judge pursuant to W.R.C.P. 40.1(b)(1).

## *CONCLUSION*

Individualized practices in the assignment of judges in multi-judge districts do not alter a litigant's right to intelligently and knowingly exercise peremptory challenges. In this case, the assignment of the judge was made pursuant to the requirements of W.R.C.P. 40.1(b)(1) when the litigants received the notice of a trial setting naming the presiding judge. While ex parte orders were issued by more than one judge in pretrial matters, none involved the consideration of evidence material to the issues to be determined at trial. Appellant timely filed the motion for peremptory disqualification within five days after learning of the judge who would preside at trial. Therefore, we reverse the decision of the district court and remand this case for disposition in accordance with our ruling.