952 P.2d 1108 (1998)
Claude V. ROUTH, Appellant (Plaintiff),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Defendant).
No. 96-291.
Supreme Court of Wyoming.
January 20, 1998.
Rehearing Denied February 18, 1998.
*1110 George Santini of Santini Law Offices, Terry W. Mackey of Hickey, Mackey, Evans, Walker & Stewart (argued), Cheyenne, Joel W. Howell, III, Jackson, MS, for Appellant.
William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General (argued), for Appellee.
Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.
THOMAS, Justice.
The only issue before the Court in this case is whether, pursuant to the Constitution of the United States, full faith and credit must be afforded to a judgment entered in a Mississippi court against the Workers' Compensation Division (the Division), an agency of the State of Wyoming. Claude V. Routh (Routh) was injured in Wyoming in November of 1985 while working in covered employment under the Wyoming Worker's Compensation Act. WYO. STAT. §§ 27-12-101 to -804 (1983). After receiving benefits in the form of temporary total disability payments and the payment of medical claims, while residing in Mississippi, Routh sued the Division in Mississippi. The Division did not appear, and a default judgment was entered in the Mississippi court in the gross amount of $1,923,400.50[1] with interest and costs. Routh filed the Mississippi Judgment in Wyoming, and the Division appeared to collaterally attack that judgment. The Division filed a Motion for Summary Judgment in which it asserted lack of personal jurisdiction over the defendant by the Mississippi court; sovereign immunity protecting it from the Mississippi action; and the proposition that under Wyoming law the Worker's Compensation Act provided the exclusive remedy. The district court entered an Order Granting Defendant's Motion for Summary Judgment, ruling that "the Defendant is entitled to summary *1111 judgment on all counts." There is no reversible error in the ruling of the district court, and the Order Granting Defendant's Motion for Summary Judgment is affirmed.
In the Appellant's Brief, which Routh filed, the issue is stated as:
I. Is the judgment of the Mississippi Circuit Court entitled to full faith and credit in the courts of Wyoming?
In the Brief of Appellee, filed by the State of Wyoming, the issues are defined in this way:
A. Whether the mailing of checks and other correspondence to Claimant in Mississippi, in response to Claimant's applications for benefits and requests for information, constituted sufficient contacts with Mississippi to permit its courts to exercise personal jurisdiction over the Wyoming Workers' Compensation Division (Division).
B. Whether the Mississippi court could exercise subject matter jurisdiction over a claim for workers' compensation benefits, and claims of emotional distress and bad faith stemming from the Division's administration of Claimant's application for benefits under the Wyoming Workers' Compensation Act, where:
Claimant resided in and was employed in Wyoming when he suffered his work-related injuries;
Claimant suffered the work-related injuries in Wyoming; and
Claimant's employer was principally located in Wyoming.
C. Even assuming the State had waived its sovereign immunity, was the action was [sic] brought and judgment obtained against defendant in compliance with the mandatory provisions of the Wyoming Governmental Claims Act.
In Appellant's Reply Brief, Routh did not specify any issues, but stated these additional arguments:
I. Appellee had actual knowledge of the Mississippi court action and waived any defect in the giving of notice by its failure to file an answer or otherwise appear in the Mississippi court procedures.
II. The Mississippi court judgment is entitled to full faith and credit and is not subject to collateral attack in the present action.
In November of 1985, Routh suffered a work-related injury while employed as a pipe fitter on a construction project in Lincoln County, and he reported the injury on November 18, 1985. At the time of his injury, Routh was a resident of Wyoming, and he was employed here by a Wyoming employer. Following his report of the injury, Routh began to receive medical benefits and temporary total disability benefits under the Wyoming Worker's Compensation Act. WYO. STAT. § 27-12-101 to -804. He received temporary total disability benefits for various periods of time that totaled 391 days. While he was receiving benefits, Routh moved to Mississippi, and he continued to receive worker's compensation benefits for this work-related injury in that state.
In 1987 and 1988, the Division received notice from Routh's treating physicians that he was at or approaching maximum medical improvement. The Division was not successful in obtaining from the treating physicians a rating of Routh's disability according to Wyoming's statutes, and it then requested that he come to Wyoming for an evaluation for permanent partial disability benefits. The Division arranged for a physical examination at the Gottsche Center in Thermopolis, and it paid for Routh's transportation and expenses for the trip from Mississippi to Wyoming in July of 1988. The examining physician in Wyoming rated Routh's permanent partial disability as 4% of the whole body.
Routh never did file a claim with the Division for permanent partial disability at a 4% level or any other level. It appears that Routh decided that he was permanently totally disabled, and on February 8, 1990, he filed a Complaint in the Circuit Court for the First Judicial District of Hinds County, Mississippi. He sought recovery of benefits under the Wyoming Worker's Compensation Act, and also damages for the torts of bad faith and the intentional infliction of emotional distress. Routh advised the Mississippi court that it had jurisdiction over the Division pursuant to service of process under *1112 Mississippi's long-arm statute. MISS. CODE ANN. § 13-3-57 (1972). The Division did not appear and answer in the case in Mississippi, and a default was entered. Later the Mississippi court entered a default judgment, acknowledging it was required to apply Wyoming law. The Mississippi court ruled that Routh was entitled to benefits under the Wyoming Worker's Compensation Act and that he could recover damages for the torts of bad faith and the intentional infliction of emotional distress. A Judgment then was entered on August 19, 1992 in the Mississippi court against the Division in the total amount of $1,923,400.50.
Routh then brought the Mississippi judgment to Wyoming, where on August 11, 1994 he enrolled it in the First Judicial District Court of the State of Wyoming, in and for Laramie County, pursuant to the Uniform Enforcement of Foreign Judgments Act. WYO. STAT. § 1-17-701 to -707 (1988). The Division appeared in the Wyoming district court, and, after failing to secure relief by a motion to dismiss, presented a motion for summary judgment. The Division asserted as grounds for its motion the lack of personal jurisdiction over the Division by the court in Mississippi; the lack of subject matter jurisdiction by the court in Mississippi; the failure of Routh to exhaust his administrative remedies pursuant to the Wyoming Worker's Compensation Act; and the absence of any provision in the Wyoming Governmental Claims Act abrogating sovereign immunity with respect to the tort claims included in the Mississippi award. The district court granted the Division's motion for summary judgment, and Routh has taken this appeal from the Order Granting Defendant's Motion for Summary Judgment.
Article IV, Section 1 of the Constitution of the United States[2] requires that the final judgments and public acts of one state be afforded full faith and credit in every other state. Thomas v. Washington Gas Light Co., 448 U.S. 261, 270, 100 S.Ct. 2647, 2655, 65 L.Ed.2d 757 (U.S.Dist.Col.1980); We have captured this proposition by ruling:
The United States Supreme Court has held that full faith and credit "generally requires every State to give a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." A foreign judgment will be enforced to its full extent regardless of any errors or irregularities it may contain.
Burlington Northern R. Co. v. Dunkelberger, 918 P.2d 987, 991, in which we quoted with approval from Marworth, Inc. v. McGuire, 810 P.2d 653, 655-56 (Colo.1991). In Sandstrom v. Sandstrom, 880 P.2d 103, 106 (Wyo.1994), we also followed the Marworth opinion. Our statute defines a foreign judgment for purposes of registration as:
In this act, "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.
WYO. STAT. § 1-17-702 (1988). A clear exception to the requirements of the full faith and credit clause of Constitution of the United States is the proposition that the foreign judgment must be valid and the court entering that judgment must have had personal jurisdiction over the defendant. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (U.S.Okla.1980); International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (U.S.Wash.1945).
One theory espoused by the Division, in this court and in the district court, is that the court in Mississippi never obtained personal jurisdiction over the Division. We review issues relating to personal jurisdiction as a matter of law. Global Shipping & Trading, Ltd. v. Verkhnesaldincky Metallurgic Co., 892 P.2d 143, 146 (Wyo.1995); Eddy v. Oukrop, 784 P.2d 610 (Wyo.1989). The parties in their briefs have focused upon the *1113 issue of sufficient minimum contacts by the Division in Mississippi to satisfy the due process clause of the Fourteenth Amendment to the Constitution of the United States. Due process must be satisfied even though technically valid service is obtained over the defendant.
Of course, if valid service was not accomplished, there is no need to reach the minimum contacts requirement of the due process clause. We inquire initially then, whether the Division, as an agency of the State of Wyoming, falls within the provisions of the Mississippi statute relating to service upon nonresident defendants. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 470 n. 12, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (U.S.Fla.1985); World-Wide Volkswagen Corp., 444 U.S. at 290, 100 S.Ct. at 563. The Mississippi statute, pursuant to which service was obtained and upon which jurisdiction over the Division depends, reads:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee. * * *
MISS. CODE ANN. § 13-3-57 (1980) (emphasis added). In analyzing this statute, the Supreme Court of Mississippi has said:
There are two components of the state standard. First, the state's long-arm statute, as interpreted by the state courts, must apply. Second, its application in the particular case must comport with the due process requirements of the fourteenth amendment [sic]. Brown [v. Flowers Industries, Inc.], 688 F.2d [328] at 331-32 [(5th Cir.1982)]; Terry [v. Raymond International, Inc.], 658 F.2d [398] at 401 [(5th Cir.1981)]. Thus, the state standard, in referring to the power of state courts, incorporates elements of both state and federal law.
Sorrells v. R & R Custom Coach Works, Inc., 636 So.2d 668, 671 (Miss.1994), quoting, DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264-65 (5th Cir.(Miss.) 1983); see also, McDaniel v. Ritter, 556 So.2d 303, 307-08 (Miss.1989). Mississippi holds that this long-arm statute requires that at least one of its self contained conditions must be satisfied in order for it to be utilized. Sorrells, 636 So.2d at 671. In interpreting a statute, the law in Mississippi is very similar to our rule, and requires that the court interpret and apply the statute according to its plain meaning without relying upon any of the rules to aid statutory construction so long as the statute is not ambiguous. Chandler v. City of Jackson Civil Service Com'n, 687 So.2d 142, 144 (Miss.1997); State Tax Com'n v. Earnest, 627 So.2d 313, 320 (Miss.1993).
The class of defendants who may be served under the Mississippi statute is clear and unambiguous. None of the descriptions of potential defendants listed in the statute would include another sovereign state such as Wyoming. A state simply is not a "nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of [Mississippi]" to do business in Mississippi. We are satisfied that the only permissible interpretation of the Mississippi statute permitting service upon nonresident defendants does not support a conclusion that the statute authorized service upon the State of Wyoming. Service under the statute failing, the court in Mississippi had no personal jurisdiction over the Division in this case. In the absence of technically valid *1114 service, we have no occasion to consider whether the claimed sufficient minimum contacts would otherwise subject Wyoming to jurisdiction in Mississippi pursuant to the due process clause of the Fourteenth Amendment to the Constitution of the United States.
In addition to a requirement of personal jurisdiction over a defendant, the absence of subject matter jurisdiction can render a judgment in a court of another state invalid. In Matter of Contempt Order Issued Against Anderson, 765 P.2d 933, 936 (Wyo.1988) (citations omitted), we said:
It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction.
This language was quoted in United Mine Workers of America Local 1972 v. Decker Coal Co., 774 P.2d 1274, 1283 (Wyo.1989), and followed in, Boyd v. Nation, 909 P.2d 323, 325 (Wyo.1996); see also, Pawlowski v. Pawlowski, 925 P.2d 240, 243 (Wyo.1996) (subject matter jurisdiction cannot be waived by the parties).
Just as we review the lack of personal jurisdiction as a matter of law, we also review the question of subject matter jurisdiction as a matter of law. The question to be determined is the subject matter jurisdiction of the court in Mississippi to resolve Routh's claim for benefits under the Wyoming Worker's Compensation Act. WYO. STAT. § 27-12-101 to -804; Pawlowski, 925 P.2d at 242; Gookin v. State Farm Fire and Cas. Ins. Co., 826 P.2d 229, 232 (Wyo.1992). It is clear from the record, that following Routh's lead, the court in Mississippi determined that it should apply the law of Wyoming in its decision with respect to Routh's claim for permanent disability benefits under the Wyoming Worker's Compensation Act. Not only does that approach comport with Mississippi law, but at the juncture of judgment, it became the "law of the case." The doctrine captured by the "law of the case" is that a trial court must adhere to its own prior rulings, adhere to the rulings of an appellate court, or perhaps follow the rulings of another court in the same case or a closely related case. Triton Coal Co. v. Husman, Inc., 846 P.2d 664, 667-68 (Wyo.1993), followed by, Claim of Moriarity, 899 P.2d 879, 887 (Wyo.1995). See also, Lyden By and Through Lyden v. Winer, 913 P.2d 451, 454 (Wyo.1996).
The Wyoming Worker's Compensation Act provides the procedure to be followed when a claimant disputes a disability impairment rating for purposes of obtaining permanent disability benefits. Under the statute "[i]f the percentage of physical impairment is disputed, the division shall obtain a second opinion and if the ratings conflict, shall determine the award upon consideration of the initial and second opinion." WYO. STAT. § 27-14-405(e) (1987). If the claimant still is not satisfied with the award determined by the Division, the procedure for disputing the impairment rating and the award of permanent disability benefits is to pursue a contested case by seeking a referral to an independent hearing examiner for a formal hearing. WYO. STAT. § 27-14-602(b) (1987). In any such contested case, "[t]he hearing examiner has exclusive jurisdiction to make the final administrative determination of the validity and amount of compensation payable under [the worker's compensation] act." WYO. STAT. § 27-14-602(c) (1987); Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 240 (Wyo.1997).
So far as this record reveals, the only physician who provided a physical impairment rating was the physician at the Gottsche Center who indicated that Routh's *1115 disability was 4% of the body as a whole. We do not know whether the Division was prepared to award permanent partial disability benefits at that level. We do know that the Division was advised by Routh's attorney to proceed no further. Instead of ever pursuing his remedies under the statute, Routh proceeded to file his complaint in the court in Mississippi. Obviously a direct action against the Division would not have been open to Routh in Wyoming. Under our law, the court lacks subject matter jurisdiction at the point in time at which an objection is filed and the case is referred to the independent hearing examiner. It follows that under the correct application of Wyoming law, which the Mississippi court acknowledged was applicable, it did not have subject matter jurisdiction over Routh's claim for benefits under the Wyoming Worker's Compensation Act.
The district court also ruled that Routh's failure to exhaust his administrative remedies under the Wyoming Worker's Compensation Act would prevent the Mississippi court from exercising jurisdiction. The election of a court to decline jurisdiction on the basis of non-exhaustion of administrative remedies is vested in the sound exercise of its discretion. Glover v. State, 860 P.2d 1169, 1171 (Wyo.1993); Union Pacific Resources Co. v. State, 839 P.2d 356, 366 (Wyo.1992). The doctrine of exhaustion has been articulated by this Court in this way:
The exhaustion doctrine applies where an agency alone has been granted or found to possess exclusive jurisdiction over the case. The purpose of the doctrine then is to avoid premature interruption of the administrative process where the agency has been created to apply a statute in the first instance.
People v. Fremont Energy Corp., 651 P.2d 802, 811 (Wyo.1982), followed by, Rissler & McMurry Co. v. State, 917 P.2d 1157, 1160 (Wyo., 1996). In Wyoming, judicial action is withheld until the administrative process has run its course. Wagoner v. State, Dept. of Admin. and Information, 924 P.2d 88, 91 (Wyo.1996).
We have held above that Routh was required to present his claim for permanent partial disability benefits to the Division, and if no accord was reached, to seek a hearing. He was entitled to a second opinion with respect to his impairment rating pursuant to WYO. STAT. § 27-14-405(e). Assuming from his course of action that Routh would not be satisfied with a second physical impairment rating, the clear remedy was to seek a contested case hearing before an independent hearing officer. WYO. STAT. § 27-14-602(b). Under the law of Wyoming, only after Routh had pursued the contested case hearing would he have exhausted his administrative remedies, and he then would be entitled to judicial review in the state district court. WYO. STAT. § 27-14-602(b).[3]
We turn then to the tort aspects of Routh's judgment. The district court ruled that there is no provision in the Wyoming Governmental Claims Act, WYO. STAT. § 1-39-101 to -120 (1988), which waives sovereign immunity with respect to these claims. There is no question that the Division is an agency of the State of Wyoming. In Wyoming, sovereign immunity pertains in any suit against the state in which a state officer or agency is or will be required to use state property or funds to afford the relief demanded. State v. Stovall, 648 P.2d 543, 548 (Wyo.1982). The Wyoming statute is a closed end waiver of immunity from liability, and an injured party who seeks recovery from an agency of the State of Wyoming must establish that the conduct complained of fits into a specific statutory waiver of immunity. Cooney v. Park County, 792 P.2d 1287, 1299 (Wyo.1990).
The Wyoming Governmental Claims Act waives sovereign or governmental *1116 immunity, but only for certain enumerated torts. Harbel v. Wintermute, 883 P.2d 359, 363 (Wyo.1994); Veile v. Board of County Com'rs of Washakie County, 860 P.2d 1174, 1177 (Wyo.1993); Cooney v. Park County, 792 P.2d at 1299. Under this statute, immunity is the rule and liability has to be established by an exception. Vigil v. Ruettgers, 887 P.2d 521, 524 (Wyo.1994); Hurst v. State, 698 P.2d 1130, 1132 (Wyo.1985). Standing as a statute that abrogates common law, our rule is that it is to be strictly construed. Weston County Hosp. Joint Powers Bd. v. Westates Const. Co., 841 P.2d 841, 847 (Wyo. 1992); Martinez v. City of Cheyenne, 791 P.2d 949, 956 (Wyo.1990).
The Mississippi court obviously was concerned with the question of immunity as the following colloquy between court and counsel demonstrates:
THE COURT: Is there a Wyoming Law in regards to sovereign immunity?
[COUNSEL]: There are provisions in the Wyoming constitution that I do not have, simply allowing the state to administer its workers compensation program. The only thing I can offer you there, Your Honor, is the statute I cited saying as a result of providing the workers compensation benefits that the employer is statutorily immune from suit.
THE COURT: But you haven't answered my question. Is there Wyoming law regarding sovereign immunity?
[COUNSEL]: No, sir, there is not. * * *
(Emphasis added). Obviously if this latter answer had been furnished by a Wyoming lawyer to a Wyoming court, either the lawyer would be guilty of lying or of total incompetence.
This is the premise for the assertion by the Division of constructive fraud on the part of Routh's Mississippi counsel that justifies a collateral attack upon the Mississippi judgment. Fraud may justify equitable relief from a judgment or decree where the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy. Pike v. Markman, 633 P.2d 944, 948 (n. 1) (Wyo.1981). See also, Taylor v. Estate of Taylor, 719 P.2d 234, 239 (Wyo.1986). The RESTATEMENT (SECOND) OF JUDGMENTS advises that a judgment may be avoided if the judgment was based on a claim that the party obtaining the judgment knew to be fraudulent. RESTATEMENT (SECOND) OF JUDGMENTS § 70(1)(b) (1980). One other commentator has suggested that fraud suffices to preclude the registration of a foreign judgment under the Uniform Enforcement of Foreign Judgments Act. Sara L. Johnson, Validity, Construction, and Application of Uniform Enforcement of Foreign Judgments Act, 31 A.L.R.4th 706, 755 (1984).
The Wyoming Governmental Claims Act articulates the law of Wyoming on the issue of sovereign immunity, and even a cursory examination of the Wyoming statutes and cases would serve to demonstrate that the legislature has chosen not to abrogate sovereign immunity for claims such as this. The statute provides:
(a) A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1-39-105 through 1-39-112. Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided by the contract if the contract was within the powers granted to the entity and was properly executed. The claims procedures of W.S. 1-39-113 apply to contractual claims against governmental entities.
WYO. STAT. § 1-39-104(a) (1988). The Mississippi court erroneously concluded that Routh's complaint for the torts of bad faith and infliction of emotional distress was not barred under Wyoming's law of sovereign immunity. There is nothing in any section of the statute, WYO. STAT. § 1-39-105 through -112, which would serve to abrogate sovereign immunity for these claims. Under Wyoming law, the claim for bad faith and infliction of emotional distress against the state would fail.
There is yet another premise for not honoring the judgment with respect to the tort claims. Pursuant to WYO. STAT. *1117 § 1-39-113 (1988), Routh was required to file a claim. That statute provides:
(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
(i) Not reasonably discoverable within a two (2) year period; or
(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.
The failure to file a claim within the two year period serves as a bar to an action brought on that claim. Vigil, 887 P.2d at 525; Ruppenthal v. State, By and Through Economic Development and Stabilization Bd., 849 P.2d 1316, 1320 (Wyo.1993); Dye by Dye v. Fremont County School Dist. No. 24, 820 P.2d 982, 984 (Wyo.1991). Routh did not even allege the filing of a claim in his Mississippi complaint, and under Wyoming law that would serve to justify dismissal of the complaint for the tort claims. In Board of Trustees of University of Wyoming v. Bell, 662 P.2d 410, 414 (Wyo.1983), we articulated the rule that "in the absence of an allegation of the filing of such a claim the district court [does] not have jurisdiction over the subject matter of the action * * *." In Amrein v. Wyoming Livestock Bd., 851 P.2d 769, 771 (Wyo.1993), we expanded the rule in Bell, and held that, "in order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed * * *."
We hold that the Order Granting Defendant's Motion Summary Judgment should be affirmed. This Mississippi judgment was not entitled to recognition in Wyoming because it was obtained without personal jurisdiction over the Division and without subject matter jurisdiction over the claim for worker's compensation benefits. Further, the State of Wyoming enjoys sovereign immunity, which we believe the Mississippi court would have recognized if it had not been mislead by counsel. The failure to follow the claims procedure in the Wyoming Governmental Claims statute also served to deprive the Mississippi court of jurisdiction over the tort claims. The judgment in favor of the Division stands.
NOTES
[1] Specifically, under the Wyoming Workers' Compensation Act, the court awarded Routh permanent disability benefits from April 1990 until the date of the judgment in the amount of $40,544.14 and permanent and total disability benefits for the remainder of Routh's life in the amount of $322,856.36. With respect to the torts of bad faith and the infliction of emotional distress, the court awarded Routh $500,000 in actual damages, $60,000 in future medical benefits, and $1,000,000 in punitive damages.
[2] Article IV, § 1 of the Constitution of the United States provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
[3] In this instance, Routh was not seeking a supplemental award of worker's compensation benefits in a second and separate proceeding in Mississippi. Consequently, the application of the full faith and credit clause articulated in Thomas v. Washington Gas Light Co., 448 U.S. 261, 270, 100 S.Ct. 2647, 2655, 65 L.Ed.2d 757 (U.S.Dist.Col.1980), is not pertinent here. The issue is not whether Routh could obtain worker's compensation benefits by a second action in Mississippi, but instead is whether he properly obtained worker's compensation benefits under Wyoming law.